S. SALOMON and MAY SALOMON, his wife, *Appellants,* v. S. GALINSKY, *Appellee.*

137 So. 386.

En Banc.

Opinion filed November 4, 1931.

418

*Newcomb Barrs,* for Appellants;

*Harry Katz* and *John E. Mathews,* for Appellee.

BUFORD, C.J.—This was a suit to subject certain property to the payment of the costs of improvements made on the property. In the original bill of complaint it is alleged that the property was the property of B. Solomon and his wife, ——— Solomon, whose first name was unknown. The bill does not allege that the property was held by husband and wife as an estate by entireties nor can it be conclusively assumed that the allegations of the bill are equivalent to an allegation that the lands were so held. Land may be held jointly by husband and wife without being held as an estate by entireties. For instance, a husband might inherit an undivided one-half interest in a described piece of real estate and the wife might acquire the other undivided one-half interest by purchase. An estate by entireties is only created by a conveyance, or conveyances, in which the property passes

as a unit to the husband and wife by the identical conveyance, or conveyances.

The amended bill of complaint alleges that the property which is sought to be subjected to the payment of the claim is the separate property of the wife.

The original bill of complaint was filed December 21, 1925. The amendment was filed March 26, 1929. There was a demurrer to the amended bill of complaint. The demurrer was overruled from which order appeal was taken.

It is contended that there was a departure in the amended bill of complaint in law and in fact from the case stated in the original bill of complaint. We find it unnecessary to decide this question because of the fact that the amended bill of complaint attempts to subject the separate property of a married woman to the payment for labor and materials furnished in the improvement of such property under the provisions of section 2, Article XI of the Constitution of Florida, as directed and required under section 2854 R. G. S., 4551 C. G. L.

The amended bill of complaint we find was amenable to the first ground of demurrer and fails to allege such state of facts as to show the complainant entitled to the relief prayed in that the so-called notice of lien, which is attached to and made a part of the original bill of complaint, fails to comply with the provisions of section 2854 R. G. S., 4551 C. G. L., in that the name or names of the owner or owners of the property are not contained in the so-called notice of lien.

In Pierson vs. Reinhardt, opinion filed April 4, 1931, and reported in 133 Sou. 553, it was held:

Section 2854 R. G. S., section 4551, C. G. L., definitely prescribes the manner in which a materialman furnishing materials for the improvement of a married woman's separate statutory property, furnished with her knowledge and assent, may enforce his claim against the property improved.''

That the notice required by the section of the statute above referred to must contain the name or names of the owner or owners of the property involved is as mandatory as is the provision that it must contain the description of the property or the amount of the claim. That the notice must contain the name of the owner or owners of the property is essential to the validity and efficacy of the notice.

To leave out of the notice any of the mandatory requirements of the statute constitutes a failure to comply with the statute and the claimant thereby forfeits his right to subject the property to the payment of the debt.

As was said in Pierson v. Reinhardt, supra, "The above mentioned provisions of the statute are not in conflict with the organic law, but provide a definite method for the application of the organic law in such cases."

For the reasons stated, the order overruling the demurrer is reversed, with directions that the cause be dismissed. It is so ordered.

Reversed and dismissed.

WHITFIELD, ELLIS, TERRELL AND DAVIS, J.J., concur.

BROWN, J., dissents.

BROWN, J., dissenting:—I must dissent from the holding that section 4551 C. G. L. applies to a contractor or materialman or laborer dealing directly with the married woman. See my opinion on petition for rehearing in the cited case of Pierson vs. Reinhardt, 136 So. 251. While this opinion was not concurred in by the other members of the court, I am not yet pursuaded that the views therein expressed by me are incorrect. Furthermore I have serious doubts as to the power of the legislature to unduly or unreasonably shackle the right to charge a married woman's property, "for labor and material used with her knowledge or assent in the construction of buildings, or repairs or improvements upon her property," given by section 2 of Art. XI of the constitution. If she

already has knowledge or has given her assent, she is already charged with notice, and, as to her, the filing of notice for record would be unnecessary.