IRVING E. COX v. RIECK and FLEECE, INC.

177 So. 301.

Division A.

Opinion Filed November 6, 1937.

Rehearing Denied December 17, 1937.

*Lee L. Baker & Ray E. Ulmer,* for Appellant;
*Allen C. Grazier* and *Charles F. Preece,* for Appellee.

BUFORD, J.—The appeal brings for review order denying motion to dismiss bill of complaint which was filed to enforce an alleged materialman's lien upon the separate statutory property of a married woman.

There is one assignment of error, as follows: "The court erred in overruling and denying the 'motion to dismiss' incorporated in answer of Irving E. Cox to complainant's

Amended Bill of Complaint, and especially ground or subsection (d) of said motion in that the entire cause of this action is predicated upon Complainant's Notice of Lien (Complainant's Exhibit 'B') and such Notice of Lien fails to comply with statutory requirements prerequisite to the obtaining of a lien upon the separate statutory property of a married woman in the State of Florida."

The appellant states one question for our determination, as follows: "Does the attempted 'Notice of Lien' filed by complainant (exhibit B, pages 8 and 9 of Transcript of Record) sufficiently comply with the statutory requirements prerequisite to the obtaining of a materialman's lien upon the property of a married woman?"

The appellee states that question and adds another, which is: "Should the lien notice be found fatally defective, would not appellee have the right to proceed under the Constitution, Section 2, Article XI?"

The notice of lien attached to and made a part of the bill of complaint is as follows:

"NOTICE OF MATERIALMEN'S LIEN

"To GRACE ADELLE COX, joined by her husband, IRVING E. COX, owner, and ALL WHOM IT MAY CONCERN:—

"You will please take notice that Fred Schroeder, contractor, is indebted to the undersigned RIECK AND FLEECE, INC., in the sum of Nine Hundred and forty dollars and nineteen cents ($940.19) for materials and building supplies furnished and used in the construction of certain buildings and structures situate upon the following described lands lying and being in the County of Pinellas and State of Florida, and particularly described as follows: Farm Thirteen (13) of the Northwest quarter (NW¼) of Section 34, Township 29, South, Range sixteen (16) East,

which said materials and supplies were furnished continuously from June 11, 1935, up to and including July 9, 1935, and that said claim is a lien upon the same for said amount.

"You will also take notice that said Rieck and Fleece, Inc., intend to hold a lien for said above amount on all and singular the above described buildings, structures and the land on which the same are situate.

"RIECK AND FLEECE, INC.,
"(SEAL)                                    "By J. W. Fleece
"Rieck and Fleece, Inc.                           Treasurer
    Incorporated.
        1932

"STATE OF FLORIDA, COUNTY OF PINELLAS.

"Personally appeared before me, the undersigned Notary Public, J. W. Fleece, Treasurer of Rieck and Fleece, Inc., who being duly sworn says that the facts set forth in the above notice are true in all particulars and that the total amount of nine hundred and forty dollars and nineteen cents ($940.19) is justly due and unpaid; that the said J. W. Fleece hereby acknowledged that the above notice has been given for the purposes therein expressed and prays that the same may be duly recorded.

"J. W. FLEECE.

"Sworn to and subscribed before me this 11 day of July A. D. 1935.

"VIVIAN THOMPSON,
                        "Notary Public.

"My commission expires: September 7, 1938.

"(SEAL)
"Vivian Thompson, Notary Public, State of Florida at Large."

Sections 3517 R. G. S., 5380 C. G. L., and 3518 R. G. S., 5381 C. G. L., provide the manner in which statutory liens in favor of laborers and materialman may be acquired. Section 2854 R. G. S., 4551 C. G. L., provides the prerequisites incident to the enforcement of a materialman's lien against the separate statutory property of a married woman. See Pierson v. Reinhardt, 101 Fla. 1392, 133 Sou. 553, in which case we said:

"The bill of complaint does not show that any notice of intention to claim lien was filed in the office of the Clerk of the Circuit Court. The complainant claims his right of action under the provisions of Sec. 2, Article XI of the Constitution of Florida. The defendant's demurrer presents the question as to whether or not in the enforcement by the complainant of his rights under the section of the Constitution above referred to, he is confined to the statutory procedure enacted for that person. The record shows that the complainant furnished material for the improvement of a building situated on real estate which was the separate property of a married woman and that such material was furnished with her knowledge and assent. Section 2854 .R. G. S., 4551 C. G. L., definitely prescribes the manner in which one so furnishing such materials under such conditions may enforce his claim against the property improved. It is needless for us to quote this section because it is available to the Bench and the Bar. The last paragraph of the section mandatorily requires the filing of the notice of lien at most within three months after the entire performance of the labor or the entire furnishing of the materials. Though it may be filed for record at any time within that period, after a contract in writing has been entered into. This part of the section also provides that suits in equity to enforce the rights of parties performing labor

or furnishing materials as provided for in this section must be brought within twelve months from the filing of the notice of the lien."

In Salomon v. Galinsky, 103 Fla. 417, 137 Sou. 386, we held:

"Section 2854 R. G. S., Section 4551 C. G. L., definitely prescribes the manner in which a materialman furnishing materials for the improvement of a married woman's separate statutory property, furnished with her knowledge and assent, may enforce his claim against the property improved.'

"2. That the notice required by the section of the statute referred to in first headnote must contain the name or names of the owner or owners of the property involved is as mandatory as is the provision that it must contain the description of the property or the amount of the claim. That the notice must contain the name of the owner or owners of the property is essential to the validity and efficacy of the notice. It is not sufficient that the notice be addressed to some persons, one of whom may happen to be the owner.

"3. To leave out of the notice any of the mandatory requirements of the statute, Sec. 2854 R. G. S., 4551 C. G. L., constitutes a failure to comply with the statute and the claimant thereby forfeits his right to subject the property to the payment of the debt."

There is nothing in the notice to show that the lien is claimed upon the separate statutory property of a married woman. In fact, the only inference as to ownership which may be drawn from the notice must be drawn from the address of the notice, which reads: "To Grace Adelle Cox, joined by her husband, Irving E. Cox, owner, and all whom it may concern" and that inference points to Irving E Cox.

as owner. If it should be held sufficient to comply with the statute that the owner be designated in the address of the notice and it had been the intention of the scrivener to designate Grace Adelle Cox as the owner in the address, the address should have read: "To Grace Adelle Cox, owner, joined by her husband, Irving E. Cox" etc.

· Aside from this, the notice does not state the character of the improvements for which the material was furnished, nor does it state the value of the materials furnished, but only states that Fred Schroeder, contractor, is indebted to the undersigned Rieck and Fleece, Inc., in the sum of $940.19 for materials and building supplies furnished and used in the construction of certain buildings and structures situated on lands described in the notice and asserts that such materials were supplied and furnished continuously from June 11th, 1935, up to and including July 9th, 1935, and that said claim is a lien upon the same for said amount and that Rieck and Fleece, Inc., "intend to hold a lien for the same above amount on all and singular the above described buildings, structures and the land on which the same are situated" but the notice nowhere describes any buildings or structures.

The notice did not meet the requirements of Sec. 2854 R. G. S., 4541 C. G. L.

Aside from this, the notice alleges that Fred Schroeder, contractor, is indebted to Rieck & Fleece, Inc., whereas the amended bill of complaint alleges in effect that the complainant did with the knowledge and assent and at the procurement of said Grace Adelle Cox, a married woman, furnish and deliver to her for the use and benefit of her separate statutory property, to-wit (describing the property), certain lumber, material and supplies, itemized statement of which is attached to complainant's original bill of com-

plaint marked Exhibit "A," and that such lumber, material and supplies were furnished at her procurement to the said Grace Adelle Cox, a married woman, for the use and benefit of her separate statutory property above described and with her knowledge and assent, up to and including the 9th day of July, 1935, amounting to the total sum of $981.34 with credits thereon of $41.15, leaving a balance of $940.19 due and unpaid, which said sum is now due and unpaid, with interest, etc.

So, there is a material variance between the allegation of the notice and the allegation of the bill of complaint. There is no notice shown by the record of any claim of lien against the property of a married woman based on a contract with, or obligation of, the married woman. The notice of lien, if it accomplishes anything at all, gives notice of a lien claimed by one not in privity with the owner while the bill of complaint alleges a claim of one in privity with the owner.

The additional question presented by the appellee, that is, "Should the lien notice be found fatally defective, would not appellee have the right to proceed under the Constitution, Sec. 2 of Article XI" must be answered by saying that for the complainant to amend its bill of complaint so as to proceed to subject the married woman's separate statutory property to the payment of its claim would constitute a departure in pleading. Sec. 2 of Article XI does not create a lien. See Tallahassee Variety Works v. Brown, 138 Sou. 759, 144 Sou. 848, 106 Fla. 599, wherein we held:

"Statutory or mechanics and materialmen's liens as provided by Sections 3498 and 3499, Revised General Statutes of 1920 (Sections 5352 and 5353, Compiled General Laws of 1927) have no application to the liability of the separate property of a married woman under Section 2, Article XI,

of the Constitution, both being distinct and independent remedies."

The question is not raised and we do not now determine whether or not an order may be drawn dismissing the present bill of complaint and be so framed as not to preclude the complainant, if it can make and prove necessary allegations, from maintaining a suit under the provisions of Sec. 2 of Article XI of the Constitution.

For the reasons stated, the order appealed from is reversed with directions that the bill of complaint be dismissed.

It is so ordered.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and CHAPMAN, J., concur in the opinion and judgment.

BROWN, J., dissents.

BROWN, J. (dissenting).—All that is required under our decisions is that the notice should "substantially comply" with the Statute. The objections here made are, it strikes me, highly technical. Mrs. Cox could not possibly have been misled. "To Grace Adelle Cox, joined by her husband, Irving E. Cox, owner," to my mind indicates that Grace Adelle Cox was the owner, or that possibly she and her husband were joint owners.