WILLARD L. PRICE, et ux., v. J. P. GUERRY & SON, INC., et al.

183 So. 1.
Opinion Filed August 1, 1938.

*Leland Hyzer* and *T. H. Teasley,* for Appellants;
*Bouvier & Prunty,* for Appellees.

BUFORD, J.—In this case the result must turn on the disposition of the question of whether or not Wilkes was a general contractor contracting to build two bungalows, being responsible to furnish the material and construct the two buildings for the Prices for a specified price, or was merely authorized to buy materials for the account of Prices for the construction of the buildings.

The purported contract was in the following language:

"This contract made and entered into between Mrs. W. L. Price, owner, and Mr. R. S. Wilkes, contractor, who agrees to furnish all material and complete two (2) bungalows located 301 and 307 73 St., Miami Beach, Florida, as per plans and specifications furnished by T. Hunter, Jr., Architect.

"Contractor is to supervise and check all materials to see that they are what is on specifications. This includes plumber, electrician, etc. Mrs. W. L. Price is to pay all bills on this job.

"Price contracted does not include plumbing or materials of plumber or electric materials or labor but does include septic tank and drain tile. The paint and labor is not included in this price.

"Price total as described for a lock and key job is twenty-seven hundred and sixty-three dollars ($2,763.99)."

The contract is so ambiguous as to amount to nothing without explanation. In it the contractor agrees to do certain things, that is, to furnish all materials and complete two bungalows for and at a stated price. Then the contract provides that the contractor is to supervise construction and check all materials to see that they are what is on specifications, and that Mrs. Price is to pay all bills. It is then provided that paint and labor are not included in the price named. Then it is provided that the price does not include plumbing, plumbing material or electrical material, but does include septic tank and drain tile. So, by the terms of the contract, about all the contractor agreed to do was to supervise construction and inspect material and to furnish material for and construct a septic tank and drain for a stated price.

On the evidence the Master and the Chancellor found that Wilkes did not occupy the status of a general contractor, but, in the purchase of material, merely acted as agent for the owners and purchased the materials with the knowledge and consent of the owners, and that the owner was primarily liable for the purchase price of the materials for which plaintiffs claimed liens under the statutes in such cases made and provided.

The evidence amply justifies the findings and the decree is affirmed.

So ordered.

ELLIS, C. J., and WHITFIELD, BROWN and CHAPMAN, J. J., concur.