Iᴅᴀ V. Dᴀʟᴛᴏɴ and D. W. Dᴀʟᴛᴏɴ v. T. T. Cᴀᴍᴘ, Doing Business as Camp Hardware Company.

194 So. 219
Opinion Filed February 23, 1940

*Cecil A. Rountree,* for Petitioners;

*James N. Daniel,* for Respondent.

Bᴜꜰᴏʀᴅ, J.—This case is before us on petition for certiorari to review an order of the Circuit Court in and for Washington County, Florida, overruling and denying motion to dismiss bill of complaint.

The bill of complaint was to charge in equity the separate property of a married woman for material used with her knowledge or assent in the construction of improvements on her property under Section 2, Article XI of the Constitution. Confusion appears to have resulted from a paragraph contained in our opinion in the case of Atkins, *et al.*, v. Kendrick, 138 Fla. 776, 190 Sou. 248, wherein we said:

"It, therefore, follows that one who has furnished labor and materials for the construction of a building on a married woman's property under a contract with such married woman may not acquire a statutory lien even by complying with the provisions of chapter 17097, *supra*. But under the Constitution such claimant may subject the married woman's separate property to sale without following the statute in regard to liens."

It appears to us now that this was an erroneous enunciation and was not in harmony with our previous opinions and judgments. The paragraph should have read:

"It, therefore, follows that although one who has furnished labor and materials for the construction of a building on a married woman's property under a contract with such married woman may not have acquired a statutory lien by complying with the provisions of Chapter 17097, *supra;* yet, under the Constitution such claimant may subject the married woman's separate property to sale if the facts warrant the application of Section 2, Article XI of the Constitution without following the statute in regard to liens."

We held, in Pierson v. Reinhardt, etc., 101 Fla. 1392, 133 Sou. 553, that:

"Sec. 2854 R. G. S., 4551 C. G. L., definitely prescribes the manner in which a material-man furnishing materials for the improvement of a married woman's separate statu-

tory property furnished with her knowledge and assent, may enforce his claim against the property improved.

"The last paragraph of Sec. 2854 R. G. S., 4551 C. G. L. mandatorily requires the filing of the notice of lien at most within three months after the entire performance of the labor or the entire furnishing of the materials. Though, it may be filed for record at any time within that period after a contract in writing has been entered into. This part of the section also provides that suits in equity to enforce the rights of parties performing labor or furnishing materials as provided for in this section must be brought within twelve months from the filing of the notice of the lien.

"The above mentioned provisions of the statute are not in conflict with the organic law, but provide a definite method for the application of the organic law in such cases."

But, we did not hold that this provision of the statute which was Sections 1 to 3, inclusive, Chapter 6926, Acts of 1915, as amended by Section 1 of Chapter 9301, Acts of 1923, was sufficient to create a lien on the separate property of a married woman.

The provisions of that statute are not sufficient to create a lien, but they are sufficient to prescribe the method of procedure and to limit the time in which suits may be instituted to enforce the remedy provided ·by Section 3 of Article XI of the Constitution.

In Cox v. Rieck and Fleece, Inc., 129 Fla. 872, 177 Sou. 301, we quoted with approval from Salomon, *et ux.,* v. Galinsky, 103 Fla. 417, 137 Sou. 386, saying:

" 'Section 2854 R. G. S., 4551 C. G. L., definitely prescribed the manner in which a materialman furnishing materials for the improvement of a married woman's separate statutory property, furnished with her knowledge

and assent, may enforce his claim against the property improved.'

" 'That the notice required by the section of the statute referred to in the first headnote must contain the name or names of the owner or owners of the property involved is as mandatory as is the provision that it must contain the description of the property or the amount of the claim. That the notice must contain the name of the owner or owners of the property is essential to the validity and efficacy of the notice. It is not sufficient that the notice be addressed to some persons, one of whom may happen to be the owner.

" 'To leave out of the notice any of the mandatory requirements of the statute, Sec. 2854 R. G. S., 4551 C. G. L., constitutes a failure to comply with the statute and the claimant thereby forfeits his right to subject the property to the payment of the debt."

Section 2 of Article XI of the Constitution does not create a lien, but the provisions of that section of the Constitution do not preclude the creation of a statutory lien.

Where a statutory lien may be acquired and enforced under the provisions of Chapter 17097, Acts of 1935, and the separate property of a married woman be impressed with a lien and that lien foreclosed in a court of equity, the statute does not preclude the claimant from proceeding in a court of equity under the provisions of Section 2 of Article XI of the Constitution when he shall have complied with the provisions of Sec. 2854 R. G. S., 4551 C. G. L., not to enforce a lien but to charge the separate property of the married woman for the construction of improvements on her separate property.

In other words, if the claimant wishes to avail himself of

the advantages of the provisions of Chapter 17097, Acts of 1935, he must follow the provisions of that chapter and in the manner there provided subject the separate property of the married woman to the lien thereby provided and acquired. But, if he elects not to rely upon a lien but to avail himself of the benefits of Section 2 of Article XI of the Constitution, he must pursue the requirements of Sec. 2854 R. G. S., 4551 C. G. L.

The bill of complaint in the instant case fails to show compliance with either statute.

Therefore, the writ of certiorari is awarded and the order of the Circuit Court is quashed with directions that an order be entered not inconsistent with the views herein expressed.

So ordered.

TERRELL, C. J., and THOMAS, J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.