M. J. ROUGHAN and GUY L. SEVERANCE, *et ux.*, Appellants,
v. E. L. ROGERS, Trading and Doing Business as CORAL
GABLES LUMBER COMPANY, Appellee.

199 So. 572
En Banc
Opinion Filed December 21, 1940
Rehearing Denied January 24, 1941

*Roy S. Wood,* for Appellants;

*James G. Pace,* for Appellee.

PER CURIAM.—The appellee, E. L. Rogers, filed an amended bill of complaint with an attached "Notice of Lien" against M. J. Roughan, Mr. Guy L. Severance, and Elizabeth Severance, defendants below, appellants here, seeking an accounting to determine the amount due the plaintiff for materials furnished and the enforcement of a lien against the improved separate property of Elizabeth Severance, a married woman, for the amount so found, under the provisions of the Uniform Mechanics' Lien Act, Chapter 17097, Acts of 1935. The cause was referred to a special master to take testimony. He found that M. J. Roughan purchased in October, 1936, certain materials which were delivered to the property on which a material-man's lien is sought, the balance remaining unpaid being, in the amount of $566.38; said materials being incorporated into a building erected on the property. Notice of lien was filed and recorded January 22, 1938.

The bill of complaint alleges that M. J. Roughan contracted for the materials as the agent of Mrs. Elizabeth Severance, holder of the record title to said property. The master found that under the circumstances she was estopped to deny the agency, in view of the facts that M. J. Roughan was her father and was living in the house with her just across the street from the property on which the building was erected in which the materials were used, and that she had full knowledge of the improvements. He also found that actual notice of the claim was served on the defendants and "sufficient facts stated in the claim of lien to advise (them) as to the nature of the claim, and as to what property the lien was claimed aaginst, and as to the manner in which the materials for which the lien was claimed were fur-

nished," and that there was substantial compliance with the requirements of the Uniform Mechanics' Lien Act, *supra*.

The court approved, ratified and confirmed the report of the master, decreed the money due for materials was secured by a mechanics lien and ordered the same foreclosed. From this final decree this appeal is brought.

A person furnishing materials for construction of a building on a married woman's separate property under contract with the married woman may avail himself of the Uniform Mechanics Lien Act, and subject the separate property of the married woman to the lien, but he must follow the provisions of that Act "and in the manner there provided subject the separate property of the married woman to the lien thereby provided and acquired." Dalton v. Camp, 141 Fla. 892, 194 So. 219. The master found as a matter of fact that the owner of the property knew of the purchase of the materials and by her acquiescence and silence had allowed the plaintiff to deliver the same to his prejudice, and she was therefore estopped to deny the agency. There is ample evidence to sustain this position and it not appearing that the finding was clearly against the weight of evidence, we will not disturb it. See Price v. J. P. Guerry & Son, 133 Fla. 75, 183 So. 1.

The question remaining is whether or not the plaintiff followed the provisions of the Act. No notice of lien is required to be given the owner by a person who contracts directly with the owner and furnishes materials under such contract to the owner, in order to establish a lien as between owner and such materialman. Hendry Lumber Co. v. Bryant, 138 Fla. 485, 189 So. 710. But Section 21 of the Act provides:

"Section 21. *Duration of Lien*. No lien provided by this Act shall continue for a longer period than one (1)

year after the claim of lien has been filed unless within that time an action to enforce the lien is commenced in a court of competent jurisdiction and a notice of the pendency of such action is filed with the clerk of the circuit court in the county in which the claim of lien is filed . . ."

Although no notice of lien is required as between the owner and a materialman contracting directly with the owner, a lien continues in force for a period of one year after a claim of lien has been filed (Section 21). Here the suit was filed January 10, 1939. The claim of lien was filed January 11, 1938. It is alleged that the last materials for the building were furnished October 13, 1937. The claim of lien was filed within three months after this latter date and the suit commenced within a year after the filing of the claim of lien.

Appellant contends strongly that the notice of lien was not sufficient to meet the statutory requirements. We have examined the notice and while, as the master stated, it may have been drawn "in a rather slipshod fashion," it was a substantial compliance with the requirements as set forth in Section 14 of the Act, especially in view of the last paragraph of this section, as follows: "The omission of any of the foregoing details, or errors in such claim of lien shall not, within the discretion of the trial court, prevent the enforcement of such lien as against one who has not been adversely affected to a substantial extent by such omission or error."

An examination of the record fails to disclose any abuse of discretion on the part of the trial court in holding that there was substantial compliance with the terms of the statute, nor do we see how the appellants were prejudiced by the form of the notice of lien. See Florida New Deal Co. v. Crane Co., 142 Fla. 471, 194 So. 865.

Affirmed.

TERRELL, C. J., WHITFIELD, BUFORD, CHAPMAN and ADAMS, J. J., concur.

THOMAS, J., dissents.

Justice BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.