DREW, Justice.
Appellant is engaged in the business of fabricating steel. About September 20, 1951, it agreed with Nims Incorporated to furnish specially fabricated steel columns for certain houses in Key West Florida. On October 11, 1951, Carpenter and wife, Albert and wife, Pilgrem and wife, Morris and wife, and Keppinger entered into agreements with Nims Incorporated and its wholly owned subsidiary, JNK Builders, Inc., for the construction of a residence for each on separate and distinct parcels of land in the same subdivision. The columns aforesaid were to be used in the construction of the residences for the above named persons.
The steel columns were furnished Nims Incorporated and JNK Builders, Inc., and were apparently used in the construction of many homes in the subdivision, among which were homes for the five families above mentioned.
On January 10, 1952, appellant filed its claim of lien in the public records of Monroe County. The claim of lien was, omitting the formal parts, as follows:
“Florida Steel Supply Corporation, business address 75 'West 21st Street, Hialeah, Florida, by Paul R. Green-fogel, its President, who being duly sworn says that in pursuance of a contract with' Nims, Incorporated and JNK Builders Corporation'.
“The Florida Steel Supply Corporation furnished the following materials — Square Steel columns and reinforcing bars to the value of $7,239.38 on the following described real property.
“Flagler Avenue, between 17th and 19th Street, and. runs from 17th Street, 1,38CK along Flagler Avenue, East to 19th, thence South 395.46’ thence West 1380’, then'North 395.46’, to the starting point at Flagler Avenue and 17th Street — Property known as Sunrise Shores and more specifically described — A Subdivision in un-subdi-vided land South of Flagler Avenue and South of Block 3 and 4 of Key West Foundation Co’s Plat No. 1 as recorded in Plat Book 1, Page 155, Public Records of Monroe County, Florida. The above Subdivision also includes the Right-of-ways of 17th, 18th and 19th Streets of said Key West Foundation Co’s Plat No. 1, extended southerly. As attested to in Plat' drawing by C. G. Bailey, registered Florida Land Surveyor No. 620 and held in fee simple by Opal Van Duresen — Also—
“Lot 4, Block 2 owned in fee simple or interest under purchase contract for said property with the owners of the fee by Richard L. & Annita Geraldine Carpenter.
“Lot 6, Block 3 owned in fee simple or interest under purchase contract *478 for said property with the owners of the fee by Thomas Frederick & Jane O’Hern Albert.
“Lot 8, Block 3 owned in fee simple or interest under purchase contract for said property with the owners of the fee by John James & Marion Wescott Hogle.
“Lot 1, Block 2 owned in fee simple or interest under purchase contract for said property with the owners of the fee by George J. & Norma Maria Far-aldo.
“Lot 4, Block 3 owned in fee simple or interest under purchase contract for said property with the owners of -the fee by Daniel Warren & Evelyn Pil-grem.
“Lot 3, Block 3 owned in fee simple or interest under purchase contract for said property with the owners of the fee by Robert Lee & Nellie Nancy Morris.
“Lot 8, Block 5 owned in fee simple or interest under purchase contract for said property with the owners of the fee by Kenneth Keppinger.
“Lot 1, Block 4 owned in fee simple or interest with purchase contract for said property with the owners of the fee by Edward G. Gardner.
“Lot 8, Block 1 owned in fee simple by Opal Van Duresen.
“State of Florida
“County of Dade
“The Company further states that the last item of materials was furnished on the 14th of December 1951, and, of the contract price stated, there is unpaid the amount of $7,239.38 for which amount it claims a lien on the real property herein described.
“Florida Steel Supply Corporation
“Paul R. Greenfogel, President”
A complaint was thereafter filed by appellant to foreclose the lien. Defendants below are the appellees here, and Nims Incorporated and JNK Builders, Inc. Paragraph 12 of the complaint, with reference to the above notice of lien, alleged:
“XII. That on a certain day, to-wit, January 10, 1952, which date was within three months from the date that the last item of materials was furnished to the said property by the plaintiff, the plaintiff filed a claim of lien which was recorded on January 10, 1952, in Lien Book 2 at pages 122 and 124 inclusive, of the Public Records of Monroe County, Florida, a conformed copy of which claim of lien is hereto attached, marked Plaintiff’s Exhibit No. 7, and hereby made a part hereof; that a copy of said claim of lien was exhibited to all of the defendants within .ten days of January 10, 1952; that all statutory requirements applicable thereto have been substantially complied with; that this Bill of Complaint is filed herewith prior to the expiration of one year after said Claim of Lien was filed and prior to the time the statutory period of limitation has expired and that the plaintiff is, therefore, entitled to a lien as herein claimed.”
The individual defendants moved to dismiss the complaint on the ground that, as to them, the complaint failed to state a claim upon which relief could be granted. The motion was granted, the complaint was dismissed as to the above named individual defendants (appellees) and this appeal followed.
This is another case where the plain requirements of the Mechanics’ Lien Law, Chapter 84, F.S.A. have not been complied with. We have said repeatedly that in order to claim protection under this law, its provisions must be substantially complied with. Shaw v. Del-Mar Cabinet Co., Fla., 63 So.2d 264, and cases there cited. See also Sheffield-Briggs Steel Products, Inc., v. Ace Concrete Service Co., Fla., 63 So.2d 924.
Chapter 84.15, F.S.A., provides:
“Where the amount demanded is for labor or services performed or materials furnished for more than one improvement on a single lot, parcel, or tract of land, or for a single im *479 provement on contiguous or adjacent lots, parcels, or tracts of land, or for more than one improvement to be operated as a single plant but located on separate lots, parcels, or tracts of land, and made or to be made in each case under the same direct contract or contracts, a lienor shall be required to file only one claim of lien. covering his entire demand against such real property. If two or more lots, parcels, or tracts of land are improved under the same direct contract or contracts and the improvements are not to be operated as a single plant, a lienor shall, in claiming a lien, apportion his contract price between the several lots, parcels, or tracts of land and improvements thereon upon which he has performed labor or services or for which he has furnished materials and shall file a separate claim of lien for the amount 1 demanded against each lot, parcel,. or tract of land and the improvements thereon. In such latter case proof of delivery, at the order of the purchaser, to any of such lots, of materials to be used in one or more of such improvements shall, prima facie be sufficient proof of delivery to support a lien on any of such lots.”
There was no attempt whatever to comply with the above statute. Contrary to its express provisions, one single lien was filed against the lands set forth in the claim of lien. There was no statement in the claim of lien that the steel columns were “for a single improvement on contiguous or adjacent lots, parcels, or tracts of land, or for more than one improvement to be operated as a single plant but located on separate lots, parcels, or tracts of land, and made or to be made in each case under the same direct contract”, as required by the plain and unambiguous language of the Statute. The appellant here claims the benefit of the Statute but leaves the appellee owners in the position of having a lien on their lands — not for the value of the materials in their houses—but for the ,value of the .materials in all the houses. This is a manifest injustice to the owners and a perversion of the intent of the Statute.
Holding, as we do, that the notice of lien was not a substantial compliance with the Act, Roughan v. Rogers, 145 Fla. 421, 199 So. 572, is clearly inapplicable.
The decree appealed from is hereby affirmed, without prejudice, however, to proceed against the remaining two defendants.
Affirmed.
ROBERTS, C. J., THOMAS, J., and JONES, Associate Justice, concur.