91 So.2d 629 (1956)
ROOD COMPANY, Inc., a Florida corporation, and Rood Construction Corporation, a Florida corporation, Petitioners,
v.
Max LUBER, d/b/a North Miami Hardware & Builders Supply Co. (not inc.), Respondent,
Philip Joseph Shay, d/b/a Shay Decorating Service, Defendant below.
Supreme Court of Florida. En Banc.
October 24, 1956.
Rehearing Denied December 10, 1956.
Myers, Heiman & Kaplan, Miami, for petitioners.
Anderson & Nadeau, Miami, and J.E. Ludick, North Miami, for respondent.
DREW, Chief Justice.
Having twice failed in his efforts to foreclose a mechanics' lien for paint and other materials furnished for the improvement of certain residences in Dade County[1], plaintiff *630 in the lower court filed his complaint to foreclose an alleged equitable lien. His amended complaint fails to allege the names of the present owners of the subject land[2], makes no charge of wrongdoing or misrepresentation against either the owner at the time the buildings were constructed or the general contractor but seeks to have the lands subjected to his claim for paints and materials solely for the reason the same was used in the construction.[3] The correctness of the lower court's order overruling a motion to dismiss the amended complaint is presented in this appeal by certiorari.
The factual situation presented by the complaint is basically the same as that appearing in Kimbrell v. Fink, Fla. 1955, 78 So.2d 96, 98, and Blanton v. Young, Fla. 1955, 80 So.2d 351. In both of these cases we denied relief. In the Kimbrell case, the lienor failed to institute action to foreclose a lien within the year provided by statute and thereafter attempted to foreclose an equitable lien. In that case we said:
"In the case now before us the construction company seems to rely upon some vague theory that because the Kimbrells led it to believe that they, the Kimbrells, owned the land upon which the improvements were made, when such was not the fact, that such representation in some way creates a situation entitling it to an equitable lien. This argument is obviously unsound. * * *"
In the Blanton case, a similar attempt was made to foreclose an equitable lien after failing because of lapse of time to foreclose a mechanics lien. Under the authority of these two cases and the previous decisions of this court, referred to therein, the motion to dismiss should have been sustained.
We have considered the allegation of the complaint and the argument of respondent concerning the effect of the failure of the owner to secure the bond provided for in Section 84.05, F.S.A. This proposition has nothing to do with the question of the right of the plaintiff below to claim an equitable lien on the land described.
Certiorari is granted, the questioned order is quashed with direction to dismiss the complaint.
TERRELL, ROBERTS, THORNAL and O'CONNELL, JJ., concur.
THOMAS and HOBSON, JJ., dissent.
NOTES
[1] The amended complaint alleges the last materials were furnished September 8, 1954; notice of claim of lien was filed September 24, 1954; the first suit to foreclose lien filed January 28, 1955, but was dismissed April 13, 1955, for some reason not appearing in the record, but apparently without prejudice. An amended notice of lien was filed April 26, 1955 [correcting an error in the first notice with reference to the name of the owner of the land]. A second suit to foreclose the lien was filed May 5, 1955 but was dismissed with prejudice September 14, 1955 because the plaintiff had failed to comply with the provisions of the fictitious name statute. The present suit was instituted November 1, 1955.
[2] The claim of lien was against numerous lots. More than a year after the first notice of lien was filed the present suit was commenced, seeking to foreclose an equitable lien against all of said lots.
[3] The materials were furnished a sub-contractor, after cautionary notice was given the contractor instead of the owner. The owner and contractor corporations had similar names. Nathan B. Rood was President of both. It is clear from the complaint, however, that the confusion arising out of the similarity of names was due to the lienors own fault in failing to make proper inquiry. The most that is alleged is that the President knew the lienor was furnishing the material to the subcontractor.