BARKDULL, Chief Judge.
Appellant, defendant in the trial court, appeals an adverse final decree in a mechanic’s lien foreclosure action.
It appears from the record on appeal that the appellee, a general contractor in privity with the defendant-owner, instituted a suit to foreclose a mechanic’s lien against the appellant. He attached a copy of a contractor’s affidavit and a copy of the claim of lien to the complaint and, the day after the filing of the complaint, filed a notice of lis pendens. A motion to dismiss was filed by the defendant urging a failure to state a cause of action, in that there had been no compliance with Ch. 84, Fla.Stat.,[1] F.S.A. This motion was overruled and the defendant then filed an answer and a counterclaim demanding an accounting, which counterclaim was met by a general denial response. Thereafter, the cause came on for final hearing and the chancellor made the following findings of fact:
******
“1. The Plaintiff has properly filed, processed and proven his case against the Defendant and is entitled to a final decree in his favor.
“2. The Defendant is indebted to the Plaintiff in the amount of $3,128.71 for material furnished as set out in the ‘Contractor’s Affidavit’. These amounts should be paid to the creditors named in the affidavit for the account and credit of the Plaintiff.
“3. The Defendant is indebted to the Plaintiff in the amount of $2,875.17, representing unpaid statements for February 1, February 7, and February 14, 1962, and this amount should be paid to the Plaintiff.
“4. The Defendant is further indebted to the Plaintiff in the amount of $903.93, representing 10% on labor used on the job, except the labor of the Plaintiff which was paid for at the agreed rate of $200.00 per week.
“5. Costs of the action should be taxed against the Defendant upon affidavit, motion and notice and final decree presented to the Court for consideration at time of hearing.”
******
This appeal ensued by the defendant filing a notice of appeal and assignments of error, which urged that the trial court erred in denying the motion to dismiss and in entering the final decree. No assignment of error was directed to the findings of fact. A cross-assignment of error was filed by the appellee, contending that the chancellor awarded an inadequate amount of damages. The appellant having failed to file assignments of error directed to the findings of fact, this court must accept as correct the finding by the chancellor that “The Plaintiff has properly filed, processed and proven his case against the Defendant and is entitled to a final decree in his favor.” See: Red Top Cab and Baggage Co., for Use and Benefit of Fontaine v. Dorner, 159 Fla. 538, 32 So.2d 321; Bowden v. Carter, Fla.1953, 65 So.2d 871; Vaughn v. Smith, Fla.1957, 96 So.2d 143.
The appellant did properly raise the question of the correctness of the chancellor’s ruling on the motion to dismiss, and *98 urges that the decision of this court in Trushin v. Brown, Fla.App.1961, 132 So.2d 357, followed by the Second District’s decision in Adams v. Kenson Supply Company, Fla.App.1961, 137 So.2d 27, requires a reversal with directions to dismiss the complaint. If no lis pendens had been filed in the lower court within one year of the filing of the claim of lien, we would concur with the appellant. However, a lis pendens was filed in this cause within the statutory period, and it clearly pointed out the names of the parties, the court in which an action had been commenced to foreclose a mechanic’s lien, the date of the lien, book and page where recorded, the property involved and the purpose of the action, which substantially complied with the lis pendens statute [§ 47.49(1), Fla.Stat., F.S.A.(1963)] and the notice provided for in § 84.21, Fla. Stat., F.S.A.(1961). See: Roughan v. Rogers, 145 Fla. 421, 199 So. 572; Florida Steel Supply Corp. v. Carpenter, Fla.1953, 66 So.2d 476; 54 C.J.S. Lis Pendens § 25; 34 Am.Jur., Lis Pendens, § 27.
In neither the Trushin v. Brown opinion, supra, nor the Adams v. Kenson Supply Company opinion, supra, was any lis pen-dens filed.[2] Therefore, we find these authorities not applicable to the case at bar. We have examined the record in light of the cross-assignment of error filed by the appellee, and find competent and substantial evidence to support the chancellor’s determination of the amount of money owed, and we do not disturb same. See: Davis v. Levin, Fla.App. 1962, 138 So.2d 351; Lamb v. Dade County, Fla.App.1964, 159 So.2d 477; Blum v. Avick, Fla.App. 1965, 172 So.2d 495.
Therefore, the final decree here under review is hereby affirmed.
Affirmed.

. Relying upon §§ 84.04(3), 84.21, Fla.Stat., F.S.A. (1961).

. See and compare: Gay v. Mujica, Fla.App.1964, 170 So.2d 83.