SMITH, Chief Judge.
The appellant-plaintiff filed its complaint to foreclose a mechanic’s lien pursuant to Chapter 84, Florida Statutes 1961. On a motion for summary final decree the court determined that plaintiff’s lis pendens failed to comply with the provisions of Florida Statutes 1961, § 84.21, and entered judgment for the defendants. There is no genuine issue as to any material fact and the sole question is whether or not the defendants were entitled to a decree as a matter of law. We reverse.
*302 The lis pendens filed with the complaint gives notice to the defendants named:
“ * * * that a suit was instituted by the above named Plaintiff against these Defendants on the 21 day of August, 1964, in the Circuit Court of the Ninth Judicial Circuit in and for Martin County, Florida, involving the hereinafter described property, to-wit: [There follows a legal description of the real property].
“The general nature of said suit is to foreclose a certain Mechanic’s .Lien filed of record' by the Plaintiff herein, covering the properties described herein-above, said Mechanic’s lien having been recorded in Official Records Boole 120 at page 238, Public Records of Martin County, Florida.
“For further information reference may be had to the Complaint in this cause on file in the office of the Clerk of the Circuit Court.”
The parties focus the issue by agreeing that the lis pendens contains all of the requirements of the foregoing section with the exception of “a description of the improvements affected thereby” and the “time of filing of the claim of lien.”
 In order to claim the benefits of the mechanic’s lien law the plaintiff was required to substantially comply with its provisions. Florida Steel Supply Corp. v. Carpenter, Fla.1953, 66 So.2d 476. We find that the form and content of the lis pen-dens constitutes substantial compliance with Florida Statutes, 1961, § 84.21. It appears to us that the requirement of “a description of the improvements affected thereby” is substantially performed by stating that this is a notice of foreclosure of the mechanic’s lien “involving the hereinafter described property.” The reference to the book and page of record of the mechanic’s lien is adequate to show the “time of filing the claim of lien.” Subsequent to the chancellor’s decision the question here presented was squarely raised and determined by our sister court in the third district in Arnold Owens, Inc. v. Balido, Fla. App.1965, 175 So.2d 96.
WALDEN, J., and KANNER (Ret.), Associate Judge, concur.