SMITH, Chief Judge.
Plaintiff-mortgagee appeals an order in equity granting a motion to dismiss made by defendant-married woman at the close of plaintiff’s case in chief. The order appealed dismissed plaintiff’s action with prejudice for lack of a prima facie case to establish any lien or charge against defendant’s separate property. We reverse.
Plaintiff brought suit to foreclose a mortgage given by defendant to secure her note to plaintiff in the sum of $3100. After suit plaintiff discovered that defendant was married. Her husband had not joined in the note or mortgage.
At trial defendant denied that she had affirmatively misrepresented her marital status to plaintiff’s agents. She admitted, however, that she signed the note and mortgage for the purpose of inducing plaintiff to pay off a prior mortgage to a third party and for certain improvements or repairs to a building on the property. Plaintiff showed that it paid off the prior mortgage totalling approximately $600 and that it used the balance of the proceeds in making certain agreed improvements and *234 repairs to defendant’s building. Before plaintiff rested its case in chief it moved to amend its pleadings to conform to the evidence and to include a prayer for relief based on "equitable estoppel and equitable lien” pursuant to Article XI, Section 2 of the Florida Constitution, F.S.A. The court granted this motion. Subsequently, however, the court granted defendant’s motion to dismiss and dismissed plaintiff’s action with prejudice.
The dismissal order recites that plaintiff .'failed to make a prima facie case for the ■establishment of a lien under the constitution or under F.S.A. § 85.06; further, that the doctrine of estoppel was inapplicable. From the recitals it appears that relief may have been denied for some or all of the following reasons: (1) lack of evidence as to the value of the improvements or repairs; (2) failure to file a notice of lien under F.S.A. § 85.06 describing the nature and value of the repairs or improvements; and (3) lack of evidence of affirmative misrepresentation or wrongdoing sufficient to create an estoppel.
 Equitable liens necessarily involve the doctrine of estoppel; however, they are based chiefly upon the fundamental maxim of equity that no one shall be unjustly enriched at the expense of another. Phelps v. T. O. Mahaffey, Inc., Fla.App.1963, 156 So.2d 900. Consequently, while affirmative misrepresentation[1] or other wrongdoing[2] may supply additional ground or reason for imposing an equitable lien or charge, a showing of wrongdoing is not an essential prerequisite to such relief. Oates v. Prudential Ins. Co. of America, 1932, 107 Fla. 224, 144 So. 418.
Article XI, Section 2, of the Florida Constitution provides in part: “A married woman’s separate real * * * property may be charged in equity and sold * * * for money or thing due upon any agreement made by her in writing for the benefit of her separate property * * * or for labor and material used with her knowledge or assent in * * * repairs, or improvements upon her property * *
The "labor and material” clause of the constitution has been implemented by F.S.A. § 85.06. This act prescribes a procedure for obtaining a lien or enforcing a claim against a married woman’s separate property, whether the labor or materials in question were furnished “with her knowledge or assent or pursuant to a contract in writing with her * * The procedure involves the filing of a notice of lien and the institution of suit within twelve months from such filing. The notice of lien must be filed within three months after the “entire” performance of labor or furnishing of material, unless such was performed or furnished pursuant to a contract in writing, in which case the notice may be filed at any time after execution and delivery of the written contract.
Since equitable liens or charges arise because of the absence of adequate legal remedy, relief may be denied where a claimant has failed to pursue an adequate legal or statutory remedy. Phelps v. T. O. Mahaffey, Inc., supra.[3] Plaintiff’s remedy under F.S.A. § 85.06 was not adequate here because part of its claim arose out of the satisfaction of a prior mortgage to a third party, and that part of its claim was not recoverable under F.S.A. § 85.06. Defendant suffered no prejudice or harm by plaintiff’s failure to file a notice of lien under F.S.A. § 85.06 and *235 no rights of third persons are shown to he involved by plaintiff’s case in chief. No limitation problem exists because plaintiff could file a notice of lien at any time since the labor and materials here were performed or furnished pursuant to a written contract. To require plaintiff either to split its cause of action or to voluntarily dismiss its foreclosure suit, file a notice of lien, bring a subsequent equity suit to enforce its claim under the notice of lien, and join in such suit its claim for the paid-off mortgage would violate fundamental principles prohibiting the splitting of claims or would depart from the fundamental maxim that once equity acquires jurisdiction it adjudicates entire controversies.
A note or a mortgage is a sufficient writing to support a suit for an equitable lien or charge under the “writing” clause of the constitution. Deno v. Smith, 1931, 103 Fla. 282, 137 So. 248, 140 So. 335; Ziegler v. Ft. Lauderdale Securities Co., 1931, 102 Fla. 346, 135 So. 838. A mortgagee who uses the proceeds of an invalid mortgage to pay off a prior mortgage against a married mortgagor’s separate property is entitled to an equitable lien or charge. Smith v. Martin, supra. Plaintiff clearly was entitled to a lien or charge to the extent of the prior mortgage, and, as indicated above, no reason appears why it should not also be awarded a lien or charge for the repairs or improvements. It was not necessary for plaintiff to establish the reasonable value of the improvements or repairs to establish a prima facie case. Defendant executed her note evidencing the full amount of the loan, $3100, and plaintiff’s agents testified without objection that $600 was used to pay off the mortgage and that the balance, $2500, was used for agreed repairs or improvements. While defendant’s note is void for some purposes, yet it is evidence that she acknowledged herself to be indebted for that amount. Oates v. Prudential Ins. Co. of America, supra.
Reversed and remanded for further proceedings consistent with this opinion.
WALDEN, J., and LOPEZ, AQUI-LINO, Jr., Associate Judge, concur.

. Smith v. Martin, Fla.1966, 186 So.2d 16.

. Jones v. Carpenter, 1925, 90 Fla. 407, 106 So. 127, 43 A.L.R. 1409.

. See also Roughan v. Rogers, 1940, 145 Fla. 421, 199 So. 572, and Dalton v. Camp, 1940, 141 Fla. 892, 194 So. 219. Compare: Chapter 84, F.S.A., Mechanic’s Lien Law, which expressly states that the remedies therein provided “shall be cumulative to other existing remedies”. F.S.A. § 84.301.