CARROLL, Judge
(dissenting in part).
Under the law of this state relating to equitable liens, in my opinion the plaintiff-appellant was clearly entitled to an equitable lien based on the circumstances revealed by the evidence in this case. I therefore respectfully dissent from the majority’s affirmance of the portion of the trial court’s judgment whereby it was held that the plaintiff was not entitled to an equitable lien on the residence property purchased by the defendants with aid of $5,000 advanced therefor by the plaintiff, who at the outset was promised a second mortgage as security, with repeated assurances thereafter that the promised note and second mortgage would be supplied. See Jones v. Carpenter, 90 Fla. 407, 106 So. 127, 43 A.L.R. 1409; Imler Earthmovers, Inc. v. Schatten, Fla.App.1970, 240 So.2d 76; Folsum v. Farmers’ Bank of Vero Beach, 102 Fla. 899, 136 So. 524; Hullum v. Bre-Lew Corporation, Fla.1957, 93 So.2d 727; Gulf Shore Dredging Co. v. Ingram, Fla.App.1966, 193 So.2d 232; 21 Fla.Jur., Liens § 7; 12 Fla.Jur., Equity § 52.
When the defendant couple purchased the residence, essential to its acquisition by them was the $5,000 supplied by the plaintiff, with promise that his advance to them would be evidenced by a note payable in three years and secured by a second mortgage on the premises. After stalling or “procrastinating” for most of that three year period, but with repeated assurances that the mortgage would be made, the couple who sought and received the advance *332 could not defeat the right of the plaintiff to an equitable lien (in place of the mortgage) by the circumstance or device of transfer by one of the defendants of his or her interest in the property to the other.