PER CURIAM.
We reverse the order dismissing Count II of plaintiff’s second amended complaint with prejudice and remand with instructions to allow plaintiff yet another opportunity to amend.
Count II is supposed to be an action to impress and foreclose an equitable lien upon a fund and a parcel of real estate, all details of which are not significant.
Our analysis of Count II leaves us with the opinion that it, as framed, was properly dismissed. For instance, it starts off with the statement, “This is an action for damages in excess of $5,000.00.” It states the conclusion, “Plaintiff is without an adequate remedy at law” and does not allege ultimate material facts to support the averment as, for example, Chris Vitolo is insolvent and judgment proof. Moreover, the gravamen of plaintiff’s Count II is that Chris Vitolo wrongly represented that he owned the real estate in question and that the true owners knew and acquiesced in the misrepresentation. Yet Count II alleges that the true owners filed a notice of commencement listing themselves as owners, and plaintiff does not plead a basis for recovery after the time the true ownership was revealed.
Without laboring the matter further we feel that a cause of action for an equitable lien can be possibly discerned, albeit dimly, in light of the alleged misrepresentation made with the knowledge of the true owners, and the fact that the true owner may stand to be unjustly enriched to the tune of something over $500,000.00. See, e.g., Peninsular Supply Company v. C.B. Day Realty of Florida, Inc., 423 So.2d 500 (Fla. 3d DCA 1982); Phelps v. T.O. Mahaffey, Inc., 156 So.2d 900 (Fla. 2d DCA 1963). We think that the ends of justice will be served by granting plaintiff an additional opportunity to re-plead.
Reversed and remanded with instructions.
ANSTEAD, DELL and WALDEN, JJ., concur.