ANTHONY CHANDLER, JR., PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

Under the statute all offenses not punishable with death must be prosecuted within two years next after the same shall have been committed; and under this statute the indictment, for an offense not punishable with death, must charge that the offence was committed on some day within two years next before the finding of the indictment; but when the indictment charges an offense to have been committed on a particular day, the day is entirely immaterial, and the offense may be proved to have been committed on any day not so remote that the statute of limitations would bar the prosecution.

Writ of Error to the Circuit Court for Levy county.

The facts of the case are stated in the opinion of the court.

No counsel appearing for Plaintiff in Error.

*The Attorney-General* for Defendant in Error.

MITCHELL, J.: The plaintiff in error was convicted at the fall term of the Circuit Court in and for Levy county,

in the year 1887, for having a concealed weapon, to-wit: a pistol, *on or about* his person, and he now brings his case before this court upon writ of error from the order of the Circuit Court overruling his notion to set aside the verdict of the jury and to grant a new trial.

No errors are assigned, but the plaintiff in error relies upon the grounds of his motion for new trial for a reversal.

1st. Because the verdict of the jury is contrary to the evidence, and unsupported by the evidence in the cause.

2d. Because the indictment upon which the defendant was tried, and to which he pleaded, charged the offense as having been committed on the first day of September, A. D. 1887, and at no other date or time, and the only proof upon the trial was that he had a pistol concealed on his person during the month of February, 1887, by which the defendant was taken by surprise, and at an unfair advantage; his witnesses summoned in the cause for his defence being prepared to disprove the charge alleged in the indictment, when the charge as proved was at an entirely different date and time, several months prior to the date charged in the indictment.

3d. Because the verdict of the jury is contrary to the law and the evidence.

4th. Because the court erred in refusing to charge the jury at the request of the defendant, that the defendant could not be convicted under this indictment in this cause upon proof of having carried a concealed pistol in February, 1887, only, when the charge was alone that he so carried it in September, 1887.

5th. Because the court erred in charging the jury "That it made no difference in this case what *date* was charged in this indictment as being the one upon which the offense was committed, but that if they believed from the evidence

that the defendant had a pistol concealed on or about his person at any time within two years prior to the finding of the indictment, they could convict the defendant, regardless of the time alleged in the indictment."

The evidence fully sustains the verdict of the jury.

The second and fourth grounds of the motion we will consider together, as they, in fact, cover but one and the same ground.

All offenses not punishable with death shall be prosecuted within two years next after the same shall have been committed, (McClellan's Digest, page 435, section 2); and under this statute the indictment, in a case not punishable with death, must charge that the offense was committed on some day within two years next before the finding of the indictment; but when the indictment charges an offence to have been committed on a particular day, the day is entirely immaterial and the offense may be proved to have been committed on any day not so remote that the statute of limitations would bar the prosecution. Dansey vs. State, 23 Fla., 316; Shelton vs. State, 1 Stewart & Porter, 208; State vs. Havey, 58 N. H. 377; State vs. Hughes, 82 Mo. 86; People vs. Stocking, 50 Barb., 573; State vs. Munson, 40 Conn., 475.

There is no cause for reversal upon either of the other grounds of the motion for new trial.

The judgment is affirmed.