RED TOP CAB AND BAGGAGE CO., a Florida Corporation for the use and benefit of VIRGINIA FONTAINE, et al., v. ADELINE M. DORNER, a single woman.

31 So. (2nd) 409                   June Term, 1947
July 25, 1947                      Division B

*E. F. P. Brigham* and *Cushman & Woodard,* for appellants.
*George J. Baya,* for appellee.

BARNS, J.:

The appellants as plaintiffs, having suffered a directed verdict and a diverse judgment, entered appeal. Appellee now seeks to have the record on appeal supplemented by matters omitted.

The grounds for defendant's motion for a directed verdict were: (a) that M. F. Fontaine had been guilty of a contributory negligence; (b) that M. F. Fontaine had not made an election within thirty days after the date of his injuries as provided by Section 440.39 (1) F.S.A.; (c) that the cause of action abated on the death of M. F. Fontaine pursuant to Section 45.11 F.S.A. and was barred by the Statute of limitations; (d) that the personal representative of M. F. Fontaine is a real party in interest; (e) that it does not affirmatively appear that the widow elected to receive compensation under the Workman's Compensation Act; and (f) that death was due to causes unconnected with the injuries.

Appellants-plaintiffs by their assignments of error in support of their appeal present that the trial judge erred in (1) directing a verdict for the defendant at the conclusion of the plaintiffs' evidence; (2) in not granting plaintiffs' motion for a new trial and (3) in sustaining defendant's objection to the offer in evidence of matters from the deposition of John J. Early, Jr., Appellants have abandoned (3), (supra), by not arguing it in their brief.

The appellants'-plaintiffs' directions to the Clerk requested of the Clerk that the transcript of record contain the (1) pleadings forming the issues upon which the parties went on trial; (2) the transcript of the trial proceedings; (3) plaintiffs' motion for a new trial and order denying same; (4) notice of trial; and (5) notice of appeal and assignment of error and directions to the Clerk. These matters are apparently all the matters material to the appeal and to which their assignments of error relate.

Appellee-defendant, for whom a directed verdict had been granted and favorable judgment entered, filed additional directions to the Clerk requesting that the transcript (1) recite date of filing original pracipe for summons and date of its issuance; (2) contain a copy of certain exhibits which had been "marked for identification" only and which had not been received in evidence; (3) and contain a copy of an order directing transmission to this Court of the original of certain other exhibits which had likewise been "marked for identification" but not admitted in evidence.

Thereafter the Circuit Judge granted appellants' motion cancelling order directing certain defendant's exhibits "marked for identification" be transmitted to this Court and struck the appellee's "directions to the Clerk" and ordered that "same be held for naught."

Appellee-defendant who filed no assignments of error now files in this Court a suggestion of a "diminution of the record" and suggests that the transcript filed here is defective in that it does not contain (1) her directions to the Clerk; (2) a recital of the praecipe for and issuance of the original summons; (3) the defendant's exhibits "marked for identification"; (4) the order (which had been cancelled) directing transmission of certain of defendant's exhibits "marked for identification"; and (5) that the record should contain copy of additional pleas tendered on December 19, 1944, and the trial judge's order covering same entered on December 28, 1944.

The appellee-defendant contends that these matters merely "marked for identification" and not admitted in evidence (they were offered at trial by defendant when plaintiffs were putting their evidence and before plaintiffs had rested and properly refused) would establish that M. F. Fontaine had not made an election as provided for by Section 440.37 (1) F.S.A. If they were not properly offered in evidence they cannot avail appellee anything on appeal.

The parties went to trial on the issues made by the pleadings. However, appellee tendered pleas which were refused on December 28, 1944, seeming to go to matters of inducement relating to plaintiffs' right to sue as same may be affected by Section 440.37 (1) F.S.A.

The provisions of Section 440.37 (1) F.S.A. relating to election are matters that in nowise affect the liability of a third party tort feasor but go to the rights between the injured employee and his employer and the assignment to or subrogation of the employer to the employee's right of action against such third party tortfeasor, etc. See Hartquist v. Tamiami Trail Tours, Inc., 139 Fla. 328, 190 So. 533; Sweat v. Allen, 145 Fla. 733, 200 So. 348; Haverty Furniture Co. v. McKesson & Robbins, 154 Fla. 772, 19 So. (2nd) 59.

Since 1936 it has been a rule of this Court that the record would be presumed to contain all matters material to the appeal,[1] but that if any matter material to an appeal be omitted from the record on appeal or misstated it might be cured by stipulation or that the Supreme Court before or after the record is transmitted might direct the correction of the record[2].

On the other hand, the rules of this Court relating to appellate practice and procedure provide that both the trial court and the Supreme Court shall have power to rule on objections to the contents of the record on appeal and make such orders as shall be necessary or expedient to promote the administration of justice and yet reduce the volume of the record[3]; and that until the record on appeal is filed here that

[1]Supreme Court Rule 11-(10) "Record Presumed to Contain Everything Material. Upon appellate proceedings it shall be presumed, unless the record shows to the contrary, that such record transmitted to the appellate court contains all proceedings in the trial court material to the questions presented for decision by the appellate court.

[2]Supreme Court Rule 11-(2)-(a)-(b) "Guide to Preparation of Record on Appeal. The questions raised on the grounds of appeal and cross-appeal as reflected in the assignments of error shall control the content of the record on appeal. All pleadings, evidence and other matters not essential to the decision of said question shall be omitted. Formal parts of all exhibits and more than one copy of any document shall be excluded. Documents shall be abridged by omitting all irrelevant and formal parts.

"Penalty. Failure on the part of counsel or others to abbreviate the record on appeal as thus required will subject them to the payment of such costs as this Court may deem proper to impose."

[3]Supreme Court Rule 11-(8)-(c) "Appellate and Trial Court May Make Record Speak Truth. Both the appellate and the trial court shall have power to rule on objections to the contents of the record on appeal and to make such order unto it shall appear proper to promote the administration of justice and in order to reduce the volume of the record without injustice and yet present to the appellate court the matters complained of."

the trial court shall have supervision of things required to be done and objection to things done in the lower court[4].

Where it is considered that the appellee was the defendant below; that a verdict and judgment were entered for her and that appellee has filed no assignments of error it appears that the record before us contains all matters material to plaintiffs'-appellants' appeal.

However, it might be considered arguable as to whether or not the statute of limitations had barred the plaintiffs' claim and for that reason it is ordered that appellee may within ten (10) days cause to be filed herein a supplemental transcript to the following effects as contained in appellees' directions.

(1) Recite the date of the filing of the original Praecipe for Summons.

(2) Recite the date of the issuance of the original Summons Ad Respondendum.

It further appears that of the pleas tendered on December 19, 1944, that the fifth (5), sixth (6) and eighth (8), and the order of the trial judge relative thereto might be material to the appeal and that it would be well to allow apellee to within ten (10) days to supplement the record in this respect. It is so ordered.

It is further directed that appellee be allowed twenty days from the entry hereof within which to file her brief.

The efforts of counsel and the trial judge to reduce the record to be brought to this Court are to be highly commended.

THOMAS, C. J., BUFORD, J., and TAYLOR, Associate Justice, concur.

---

[4]Supreme Court Rule 11-(11) "Powers of Lower Court. After the entry of an appeal and before the record on appeal is filed in this court the things required to be done in the lower court and objections to things done, including the fixing or extension of time within which they shall be done, shall be under the supervision of the lower court, subject to the control of this court."