RED TOP CAB AND BAGGAGE CO., a Florida corporation, for the use and benefit of VIRGINIA FONTAINE AND UNITED STATES FIDELITY AND GUARANTY COMPANY, a Maryland corporation authorized to do business in the State of Florida, v. ADELINE M. DORNER, a single woman.

32 So. (2nd) 321                      June Term, 1947
October 31, 1947                 Special Division B
Rehearing denied November 19, 1947

*E. F. P. Brigham* and *Cushman & Woodard,* for appellant.
*George J. Baya,* for appellee.

BARNS, J.:

On April 9, 1943, M. F. Fontaine, an employee of the appellant, "Cab Company" was injured while so employed by reason of a collision between a cab of the "Cab Company" driven by him and an automobile driven by the appellee-defendant—Dorner.

The "Cab Company" was within the provision of the Workmen's Compensation Act which among other things provides that:

"Compensation for injuries where third persons are liable.

"(1) If on account of a disability or death, for which compensation is payable under this Chapter, the person entitled to such compensation determines that some person other than the employer is liable in damages, he may elect by giving notice to the employer and the commission in such manner as the commission may provide, to receive such compensation or to recover damages against such third person. This notice must be given within thirty days from the date of the accident.

(2) The giving of notice to accept such compensation shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person.

"(3) Such employer on account of such assignment may either institute proceedings for the recovery of such damages or after instituting such proceedings provided . . . " 440.39 (1), (2), (3), F.S.A.

The appellant-plaintiff-"Cab Company" filed its declaration as assignee (by operation of law) of the cause of action of M. F. Fontaine and Virginia Fountaine against the defendant-appellee-Dorner sounding in tort for the negligent injury and death of M. D. Fontaine, the husband of Virginia Fontaine, and as an inducement in said declaration to show plaintiff's right to sue recited that:

"At the time of his injury as aforesaid, M. F. Fontaine was duly and regularly employed as a taxicab driver by the plaintiff, Red Top Cab and Baggage Co., and he did, within 30 days from the date of said accident, duly elect to receive and accept compensation and other benefits under the Florida Workmen's Compensation Act including payment of his doctors', nursing, hospital and medicine bills, and other compensation provided for in the Act, which Plaintiffs allege is small in view of the grave and serious injuries and great damage to the said M. F. Fontaine; after his death, his widow, Virginia Fontaine, likewise elected to receive and accept compensation under said Act, and pursuant to such election Plaintiffs' said insurer has paid Virginia Fontaine compensation at the rate of $18.00 per week since November 8, 1943, and will be required to continue . . . "

The parties went to trial upon plaintiff's declaration and three pleas of the defendants which were (1) not guilty; (2) contributory negligence and (3) a plea denying that M. F. Fontaine died as a result of the alleged injuries.

On trial at the close of the plaintiff's case the defendant made a motion for directed verdict upon the following grounds:

" . . . (a) That M. F. Fontaine had been guilty of a contributory negligence; (b) that M. F. Fontaine had not made an election within thirty days after the date of his injuries as provided by Section 440.39 (1) F.S.A.; (c) that the cause of action abated on the death of M. F. Fontaine pursuant to Section 45.11 F.S.A. and was barred by the Statute of limitations; (d) that the personal representative of M. F. Fontaine is a real party in interest; (e) that it does not affirmatively appear that the widow elected to receive compensation under the Workmen's Compensation Act; and (f) that death was due to causes unconnected with the injuries." Red Top Cab & Baggage Co., v. Dorner, 31 So. (2nd) 409, 410.

The appellee's motion for a directed verdict was granted, plaintiff moved for a new trial which was denied and appellant brings this appeal and the substance of such assignments is that the trial judge erred in directing a verdict for the plaintiff and in denying the motion for a new trial.

Counsel for appellant by his brief poses his "questions" on assignments of error 1, 2, 3 and 4, yet fails to copy into his brief such assignments of error.

The trial judge can only be reversed for the errors presented by the assignments and the brief of appellant of necessity should be addressed to the trial judge's acts of harmful error which should have been presented by the assignment. The brief is in support of the assignments which the appellant by way of argument resolves into "questions involved."

When assignments are copied into the brief transcript page references should be given as to where the assignments of error appear also the assignments as copied should parenthetically give record-page references to subject matter of the assignments.

On appeal such assignments serve as a declaration or complaint against the trial judge and the proof *vel non* of the assignment is within the record-on-appeal. An appeal without an assignment of error would be similar to a suit without a complaint, bill or declaration.

The assignments of error and the "questions involved" should be correlated and it takes at least one assignment to support any such "question."

As to the right of action being vested in the plaintiff our rules provide:

"Nominal and representative parties-not an issue

"In all actions by and against executors or administrators, or persons authorized by statute to sue or be sued as nominal parties, the character in which the plaintiff or defendant is stated on the record to sue or be sued, shall not in any case be considered as an issue, unless specially denied." Common Law Court Rule 17.

"Plea of not guilty-what in issue

"In action for torts, the plea of not guilty shall operate as a denial only of the breach of duty or wrongful act allege to have been committed by the defendant, and not the fact stated in the inducement, and no other defense than such denial shall take issue on some plea; all other pleas in denial shall take issue on some particular matter of fact alleged in the

declaration; and where in the declaration the breach of duty or wrongful act is alleged to have been committed by defendant through the agency of any other person or thing the alleged relationship between the defendant and that other person or thing shall not be put in issue by the plea of not guilty." Common Law Court Rule 32.—and this Court in reference to what are matters of inducement has stated:

" . . . The plea of not guilty does not deny the facts stated in the inducement. Rule 71, supra, 'Inducement in pleading is the statement of matter which is introductory to the principal subject of the declaration or plea and which is necessary to explain or elucidate it.' 2 Words and Phrases (Second Series) 1054. See, also 22 Cyc. 498; 12 Stand. Ency. of Proc. 718, Abbott says: 'Inducement' in form is usually somewhat like the preamble in an act or the recitals in a deed and commonly commences with the word 'whereas.' In torts all that part of the declaration of the act which is complained of as wrongful, comprising the allegation of the right or the circumstances of the right, as commonly known as the inducement. 1 Abbott's Law Dictionary, 601." Varnes v. Seaboard Air Line Ry. Co., 80 Fla. 624, 86 So. 433, Text 435.

If appellee had any doubt on any question of fact as to Virginia Fontaine being bound by these proceedings brought by the "Cab Company" for the benefit of both, appellee had ample opportunity to inquire of her at the trial when plaintiff placed her on the witness stand and even if these matters of inducement had been in issue enough appears in this record to show a prima facie right of action in the plaintiff.

The record before us shows that while the husband was incapacitated by reason of a head injury that the wife made an election for him purported to act as his agent and before the expiration of the 30 days; that thereafter the husband, M. F. Fontaine, made a similar election more than 30 days after the injury; that the insurance carrier of the "Cab Company" has recognized liability by payment of compensation; that this suit was brought for the use and benefit of the insurance carriers and Virginia Fontaine and that she testified as witness:

544

In respect to 440.39 (1) F.S.A. this Court has stated:

"The court is therefore of the opinion that the requirement that the employee give evidence of his election to sue was intended solely for the benefit of the person liable for the statutory compensation, and was not intended to curtail or affect the existing remedies of the employee against the third party, nor is it to be construed as a limitation upon the right of the employer to commence an action against a third person." Hartquist v. Tamiami Trail Tours, 139 Fla. 328, 190 So. 533, 539. See also Red Top Cab & Baggage Co., v. Dorner, 31 So. (2nd) 409, hn. 3.

The motion for directed verdict was made and granted after all the evidence had been "submitted on behalf of the plaintiff" and the prime "question involved" on this appeal is —was there "no evidence upon which a jury could lawfully find a verdict for the plaintiff"? See 54.17 F.S.A. relating to directed verdicts.

A party moving for a directed verdict admits facts stated in the evidence adduced, and every conclusion favorable to his adversary fairly and reasonably inferable therefrom.

Such being the law applicable it is our conclusion after considering the evidence that the assignments are well grounded.

Reversed.

THOMAS, C. J., BUFORD and SEBRING, JJ., concur.