Action in mandamus by the State of Florida, on the relation of Edward R. Hassenteufel, against the City of Coral Gables, a municipal corporation in Dade County, Fla., and others, to compel issuance of license to relator to sell intoxicating liquors. From a judgment granting a peremptory writ, defendants appeal.
Judgment reversed with directions to quash peremptory writ.
We have for review a final judgment in mandamus.
Boulevard Realty Corporation and this appellee own property on opposite sides of the street in the City of Coral Gables. Each desires a license to sell intoxicating liquors. By virtue of the City ordinance only one license is permitted to the area. The City refused appellee's application because Boulevard Realty Corporation had filed one twenty-four hours earlier. Appellee then filed a mandamus action against the City alleging that the Boulevard Realty Corporation had no building or established business in existence. The City answered that a license had been issued to Boulevard Realty Corporation without there being in existence a place to do business. Subsequently upon the strength of the fact that the license had been issued to do business therein a building was erected and the business is now in operation. A peremptory writ, notwithstanding the return, was granted and the City has appealed.
The lower court was prompted to coerce the granting of a license because the business of Boulevard Realty Corporation was not in existence when relator applied for a license. The result of this action is to deprive Boulevard Realty Corporation of a license since the City ordinance does not allow two liquor stores within a radius of 1500 feet of each other.
If this judgment is to stand then the area will have two stores in violation of the *Page 468 
City law. Or it may be argued that the license issued to Boulevard Realty Corporation is void. This line of reasoning suggests the question of whether it lies within the right of appellee thus to collaterally assail the act of the City in granting the first license. Our reaction is in the negative.
We have carefully considered the entire record and see no reason to conclude that the City has acted illegally or arbitrarily in granting the license to Boulevard Realty Corporation. It follows then that the City ordinance precluded the issuance of a license to appellee.
The judgment is reversed with directions to quash the peremptory writ.
Reversed.
THOMAS, C.J., and TERRELL, SEBRING, BARNS, and HOBSON, JJ., concur.