PATTERSON, Associate Justice.
Trial below resulted in verdict for plaintiff in an action growing out of a motor vehicle collision, involving issues of negligence, and contributory negligence. ■.
The trial court granted defendant’s motion for new trial after having denied defendant’s motions for directed verdict at close of plaintiff’s case and at close of all the evidence.' One of the grounds assigned in defendant’s motion for new trial was that the verdict ds against the manifest weight of the evidence. The trial court stated his reasons for ordering a new trial as follows:
“The defendant’s motion for a new trial is granted because I think the conclusion is inescapable that the plaintiff was guilty of contributory negligence, which was proximate cause of the accident out of which the litigation arose. It is my opinion that I should have directed a verdict for the defendant and that my failure to do so was error which requires the granting of the motion.”
We have carefully considered the record and evidence. Irrespective of whether the lower court was in error in denying defendant’s motions for a directed verdict, we think the order granting new trial must be affirmed inasmuch as the order specifically states the trial judge’s conclusion that the verdict is against the manifest weight of the evidence. Our view of the evidence does not requirfe us to disagree. See: Carney v. Stringfellow, 73 Fla. 700, 74 So. 866; Gravette v. Turner, 77 Fla. 311, 81 So. 476; Beckwith v. Bailey, 119 Fla. 316, 161 So. 576; Dudley v. Harrison, McCready & Co., 127 Fla. 687, 173 So. 820; Richbourg v. Hilton, Fla., 56 So.2d 539; Schneider v. Cohan, Fla., 59 So.2d 644.
Affirmed.
ROBERTS, C. J., and TERRELL and SEBRING, JJ., concur.