72 So.2d 364 (1954)
WHEELER
v.
STATE.
Supreme Court of Florida. En Banc.
February 12, 1954.
Rehearing Denied May 27, 1954.
Sam E. Murrell and Sam E. Murrell, Jr., Orlando, and Whitaker Brothers, Tampa, for appellant.
Richard W. Ervin, Atty. Gen., and Mark R. Hawes, Asst. Atty. Gen., for appellee.
*365 THOMAS, Justice.
The appellant was found guilty by a jury on all five counts of an information containing charges of various violations of Section 849.09, Florida Statutes 1951, and F.S.A., denouncing participation in lotteries. Each count contained allegations setting out a different aspect of the same criminal transaction.
He first asserts that the judgment was invalid because the prosecuting officer was allowed too much latitude in the cross-examination of the appellant about his connection with the operation of lotteries in the month preceding the one named in the information which was January, 1952. The appellant sought and was granted a bill of particulars. It contained the rather general information that the lottery in which he was claimed to have been implicated was "bolita" or "Cuba" and that the tickets evidencing an interest were in the motorcar of the appellant and in his sole possession. The papers taken from the appellant by the officers were briefly described in the bill which bore the statement that "every implement and device" and bit of evidence seized had been exhibited to the appellant and his attorney at the preliminary hearing.
We have found no representation in the bill of particulars which could have bound the state to a precise date in the cross-examination. To sustain the appellant in his position we would have to assume that because the seizure was made on the date stated in the information evidence of the appellant's transactions on that day and on no other was relevant.
Neither the nature of the crimes charged nor the bill of particulars furnished would justify our upsetting the judgment because the appellant was required to reply, especially as it could be deduced from his own testimony that he was engaged in the lottery business in both December and January, having procured wagering stamps and made reports to the United States Government for periods in those months. Although his categorical denials of participation in lotteries were always pointedly confined to the date fixed in the information, 12 January 1952, it is obvious that the State's evidence need not have been thus restricted for the exact time did not enter into "the nature or legal existence of the offense." Horton v. Mayo, 153 Fla. 611, 15 So.2d 327.
The appellant has argued strenuously that we should reverse the judgment because the trial judge charged the jury that it would be their duty to find the defendant guilty if they believed beyond a reasonable doubt that the defendant committed the offense charged on the date alleged in the information "or at any time within two years prior to the date of the filing of the information which was on the 11th day of February, 1952 * * *."
That charge was entirely proper. As early as 1889 in Chandler v. State, 25 Fla. 728, 6 So. 768, this Court decided the question contrary to appellant's position. In Alexander v. State, 40 Fla. 213, 23 So. 536, 537, this Court held: "The authorities all agree, however, that while some date or time must generally be stated in the indictment upon which the offense was committed, yet such time need not be stated accurately, except in those cases where the allegation of the precise time is material; and the time alleged must be prior to the finding of the indictment, and within the period when the offense would be barred by limitation; and a different time may be shown at the trial; and it will be sufficient to sustain a conviction if such proof shows the offense to have been committed at any time prior to the indictment, and within the bar of the statute, except in the cases where the exact time enters into the nature of the offense." See also Morgan v. State, 51 Fla. 76, 40 So. 828.
As late as 1943, in Horton v. Mayo, supra, from which we have already quoted, the precise principle was again recognized in an opinion written for the Court by Mr. Justice Brown in which every member of the Court concurred.
Nor can the appellant successfully argue that he was misled by any variance *366 between the date in the bill of particulars furnished at his request and the date in the information, or between any day named in the bill of particulars and the dates mentioned in the testimony. This is true for the simple reason that he did not ask to be furnished the date on which the state expected to prove that an offense was committed and no such date, consequently, appeared in the bill of particulars.
The appellant complains that error was committed when the solicitor was allowed to read to the jury a letter that had not been offered in evidence. An examination of the pertinent parts of the record does not convince us that objection to the procedure was properly presented. The solicitor asked the defendant if he received a communication containing a certain statement and the attorney for the defendant objected on the ground that the question was "not in cross of anything brought out on direct." The objection on which the trial judge ruled does not coincide with the one now made.
We have read the testimony in this case and have become convinced that the jury was justified in believing that the appellant was caught red-handed in lottery operations, so his position that the evidence did not support the verdict is not sustained.
Although the appellant was convicted of the offenses charged in all counts of the information the judge chose to adjudge him guilty of only one, possession of lottery tickets, which is defined as a misdemeanor. He ordered the defendant "imprisoned by confinement at hard labor for one year in the State Penitentiary" to which there would be added a period of thirty days if the appellant failed to pay the costs. The judgment was not a proper basis for such a sentence because the penalty for the first offense of possessing lottery tickets is "imprisonment in the county jail for not less than ninety days nor more than one year or by fine of not less than one hundred dollars nor more than five thousand dollars, or by both such fine and imprisonment." Section 849.09, supra.
As we construe the testimony as it relates to the charges we are inclined to the view that the appellant though found guilty of five transgressions was actually guilty of one transaction five facets of which were reflected in the information. Having such a view we think the rule announced in Simmons v. State, 151 Fla. 778, 10 So.2d 436, should be invoked.
Inasmuch as the appeal here was taken from both the judgment and sentence we have studied both, and we have found, as we have written, that the sentence did not conform to the judgment. But we conclude that it is the judgment which should first be corrected by recognizing and adjudicating the appellant guilty of the highest offense charged. Once this is done the judge should pronounce the sentence that such an adjudication warrants.
The judgment and sentence are reversed with directions to proceed with the cause on the verdict the jury rendered.
Reversed for proper judgment and sentence.
ROBERTS, C.J., and TERRELL, SEBRING and MATHEWS, JJ., concur.
DREW and BARNS, JJ., dissent.
DREW, Justice (dissenting).
I must dissent from that portion of the opinion which holds that the charge of the lower court that it would be their duty to find the defendant guilty if they believed beyond a reasonable doubt that the defendant committed the offense charged on the date alleged in the information "or at any time within two years prior to the date of the filing of the information which was on the 11th day of February, 1952, * * *", was proper, because, as I construe the charge, the court did not actually so instruct the jury. I do agree that in the ordinary criminal case there would be nothing improper about the charge as actually given but I am convinced that, as this case unfolded to the jury, the charge was tantamount *367 to directing the jury to find the defendant guilty of the offense he was being tried on.
The information, as set forth in the opinion of Mr. Justice THOMAS, charges that the offense on which Wheeler was being tried was committed on January 12, 1952. When the defendant took the stand in his own behalf, the following was developed on cross-examination:
"Q. You say you are not in the Bolita business? A. I said I was not in the Bolita business on the 12th day of January.
"Q. Were you in December 51?
"Mr. Murrell: That is objected to as irrelevant and immaterial, and not in cross of anything brought out on direct examination.
"Q. Were you interested in or connected with lottery or anything of value known as Cuba or Bolita during the month of December '51?
"Mr. Murrell: I object. There is a specific date, and specific incident alleged in this information, and I think that is what the defendant is being tried for  that is the allegation, and the bill of particulars shows that. Any other dates and circumstances except those alleged in the information and bill of particulars is not admissible. Certainly, they would be irrelevant and immaterial and highly prejudicial because I think the State is limited to the time and incident set forth in the information and bill of particulars furnished to the defendant. (Argument of counsel.)
"Judge: Objection overruled.
"Q. The question was, were you interested in or connected with a lottery known as Bolita or Cuba during the month of December, 1951? A. I don't have to answer  that might tend to incriminate me, do I?
"Q. That's all right. A. May I ask for a ruling of the Court?
"Q. You refuse to answer * * *? A. If you are leading up to the stamp  I bought a Federal stamp.
"Q. Just answer or refuse to answer.
"Mr. Ellars: I want him to answer the question was he connected with a lottery known as Cuba or Bolita during the month of December '51, and the witness has not answered the question yet.
"Judge: You are asking him?
"Mr. Ellars: I think the statute requires him to answer the question.
"Judge: He cannot be prosecuted on account of his answer.
"Mr. Ellars: I believe, in December, that is right.
"Witness: I am being tried for what I did on the 12th day of January.
"Mr. Ellars: You are being tried for being interested in a lottery or conducting a lottery at any time within two years prior to January 12, 1952.
"Judge: He could not subject himself to another prosecution.
"Mr. Ellars: I claim he has to answer the question. He is being tried for the particular offense, and he refuses to answer my question. (Prolonged argument of counsel.)
"Judge: Answer the question.
"Q. Were you or not interested in or connected with a lottery business known as Cuba or Bolita during the month of December, 1951? A. Uh  yes.
"Q. You were? A. Yes. sir.
"Q. As a matter of fact, for the month of December, you paid a tax to the Federal Government of $178.12, didn't you? A. I don't remember what it was.
"Q. You did pay some? A. Yes, sir.

*368 "Q. Now, were you in the business of conducting a lottery during the month of January, 1952? A. Part of the time, yes, sir.
"Q. Part of the time  was it first part of January or last part?
"Mr. Murrell: That is objected to. It would have to be limited to prior to this information, unless it was granted instanter. The question is certainly improper.
"Judge: When was the information?
"Mr. Ellars: I think the information was filed February 9.
"Mr. Limpus, Court Clerk: February 11, '52.
"Judge: Any time within two years prior to the date of the filing of the information.
"Q. What part of January were you engaged in this business?
"Mr. Murrell: That is objected to, your Honor, because certainly, anything after the 12th of January would be inadmissible. (Argument of counsel.)
"Judge: Objection overruled.
"Q. What part of January were you engaged in ? A. I paid a tax on January business.
"Q. What part of January were you in business, front part or latter part, or all of it? A. I was not in the gambling business on the 12th day of January.
"Q. I didn't ask you that. Were you in business during the month of January? A. I paid a tax on some business.
"Q. As a matter of fact, you paid a tax of $438.94? A. I don't remember.
"Q. Do you remember filling out that form and sending the tax in? A. It was filled out, and I signed it and sent it in.
"Q. Do you remember you said you had done $4,389.94 during the month of January? A. No, sir, I don't remember.
"Q. You remember you did some? A. Yes, sir.
"Q. Did you do anything about the conducting of this lottery business in January, after January 12, 1952, you were arrested, did you continue in the business after January 12, 1952? Q. I didn't say I was in the business.
"Q. I asked you, did you continue in the lottery business after January 12, '52? A. I may have paid a tax.
"Q. You don't want to answer the question. Let me give you this one specifically, you might listen to these things. Did you file your first application for a stamp from the Federal Government on December 29, 1951, remember that? A. I did.
"Q. Did you list in your application, as your employees, working for you, Edgar Fred Edwards, 122 N. Parramore, and Ernest Bell, 304 N. Westmoreland? A. I did.
"Q. Ernest Bell was working for you? A. I said he worked for me.
"Q. Thereafter, on January 15, did you receive a letter from the Federal Government a letter stating this:
"Mr. Murrell: If the Court please, I object to him reading the letter  not in cross of anything brought out on direct. I submit to the Court he can't go any further into that. (Argument of counsel.)
"Judge: Objection overruled.
"Q. Did you receive a letter in which it was stated: `Dear Mr. Wheeler, it has been brought to our attention that all agents working for you were not named in your application *369 which you filed with the Government. We send you herewith amendment which you will fill out showing the names of all persons,' and giving you ten days to answer. Did you receive a letter like that? A. I did.
"Q. On January 15, '52, three days after you were arrested on Crystal Lake Drive and South Street, did you file an amended application in which you gave the names of your employees as Ernest Bell, Edgar Fred Edwards, Parramore Sundries and A.E. Bussant, 118 S. Westmoreland? A. I did.
"Q. That was January 18, six days after you were arrested out there? A. I don't know how many days it was.
"Q. Did you not on January 31, 1952, send in to the Federal Government your tax for the month of December, 1951? A. I did.
"Q. Did you not on February 29, send in your tax of $438.94 for the business conducted by you during the month of January? A. I don't remember the amount.
"Q. You did send some? A. Yes.
"Q. You sit here and tell the jury you were not in the Bolita business in January? A. Not on the 12th when I was stopped.
"Q. But you were in the Bolita business before and thereafter?
"Mr. Murrell: I object because he is charged with having in his possession specific tickets, etc., and it is on those specific charges he is being charged and tried, and I submit to the Court it is not in cross of anything brought out on direct examination. (Argument of counsel.)
"Judge: Objection overruled."
Following the above testimony the defendant rested, arguments were presented by respective counsel and the court charged the jury. The exact language of the charge objected to was:
"If you believe from the evidence in this case, beyond a reasonable doubt, that the defendant, Joseph P. Wheeler, on the 12th day of January, 1952, or at any time within two years prior to the date of the filing of the information, as aforesaid, in the county of Orange and State of Florida, was unlawfully interested in and connected with a lottery, and that said lottery was commonly known as Bolita or Cuba, then it would be your duty to find the defendant guilty, as charged by the third count of the information. If you do not so believe, or have a reasonable doubt as to his guilt as to the third count of the information, then it would be your duty to find him not guilty of that count."
The same form of charge was given on each of the counts in the information.
The question of whether the evidence of Wheeler on cross-examination was material, relevant or admissible on any theory whatever is unimportant in the present inquiry. The testimony was before the jury and it was their plain duty to consider it, along with other evidence in connection with the disposition of the case. It bore the stamp of approval of the trial Judge.
The defendant admitted that he had been in the Bolita business in December, 1951, and had paid a Federal tax on gambling income for that month as well as for the month of January, 1952. The clear inference of all the testimony was that he had been engaged in the Bolita business for a considerable length of time before January 12th. These facts, admitted by the defendant himself, were fresh in the minds of the jury when the court charged them: "If you believe from the evidence in this case, beyond a reasonable doubt, that the defendant, Joseph Wheeler, on the 12th day of January, 1952, or at any time within two years prior to the date of filing the information, as aforesaid, in the county of Orange and State of Florida, was unlawfully interested in and connected with a lottery, * * * then it would be your duty to find the defendant *370 guilty, as charged in the third count of the information." (Emphasis supplied.)
There is no doubt whatever that the effect of the charge, under the facts before the jury, was highly prejudicial to the defendant. As I have before stated, it was simply a charge to the jury that if they found the defendant had been engaged or interested in any Bolita business during the period of February 11, 1950 to February 11, 1952, they should find him guilty of the offense alleged to have been committed January 12, 1952. It requires no citation of authorities to support the proposition that such a charge is clearly erroneous.
For the above reasons, I think the judgment should be reversed and a new trial granted.
BARNS, J., concurs.
BARNS, Justice (dissenting).
Point 2 of appellant's brief has been presented in excellent form and supported with the jury instruction objected to and the language of the objection with appropriate transcript page references. This is a duty of appellants often neglected and with no good result. The 45 assignments of errors fail to mention this ground but in at least one instance this fault in procedure was not fatal when the point was properly presented in appellant's brief. Holland v. Miami Springs Bank, Fla., 53 So.2d 646. As to correlating "questions" or point of the brief to assignment of errors, see City of Coral Gables v. State ex rel. Hassenteufel, Fla., 38 So.2d 467. Assignment of errors in criminal appeals are termed "grounds for appeal" relied on for reversal. Section 924.11, F.S.A.
The defendant was charged in the several counts with the commission of offenses as of January 12, 1952, relating to a lottery. He moved for a bill of particulars and the State furnished a bill of particulars relating to an offense on acts and doings as of this specified time. Testimony was adduced on cross-examination, over objection, that the defendant was interested in or connected with a lottery on dates other than that charged. Other offenses. The appellant defendant complains in his brief that it was error for the court to charge the jury that it was their "duty to convict if they find that the defendant on January 12th, 1952 or at any time within two years prior to the date of filing of the information * * was unlawfully interested in or connected with a lottery * * *".
The defendant, over objection, testified that in December, 1951, he was interested in and connected with a lottery business known as Cuba or Bolita and that he had made reports to the Federal agencies and paid Federal Taxes in respect to lottery activities.
The defendant was charged with particular lottery offenses. There was evidence to indicate that he had committed other offenses similar to the ones charged which is evidentiary proof of the offense charged, which evidence could be taken into consideration by the jury in arriving at a verdict. It would have been very appropriate for the Court to have instructed the jury that the defendant was on trial for the offense charged and that proof of other or like offenses can only be considered as circumstantial evidence of the charges made in the information.
When the charge as given and the specific objections made are considered together with the fact that there was no issue of fact as to time at variance with the time specified in the information and the bill of particulars and the evidentiary matter relating to other offenses of a nature similar to those for which the defendant was on trial we cannot say that the jury was not guided by the language of the charge as given. In this harmful error appears to have occurred. Charges correctly stating the law may be improper and even harmful when outside of the issues and given under such circumstances as to make it prejudicial to a fair trial.
DREW, J., concurs.