84 So.2d 317 (1955)
John Cecil REDDITT, Appellant,
v.
STATE of Florida, Appellee.
Supreme Court of Florida. Special Division A.
July 22, 1955.
On Rehearing December 14, 1955.
*319 Sam E. Murrell, Sam E. Murrell, Jr., and Robert G. Murrell, Orlando, for appellant.
Richard W. Ervin, Atty. Gen., and Bart L. Cohen, Asst. Atty. Gen., for appellee.
PER CURIAM.
Affirmed.

On Rehearing Granted
BARNS, Justice.
In the review by appeal we are confronted with the issues of law as raised by the assignment of errors and argued in appellant's brief. In this case there are 104 assignments of error, and none are quoted in appellant's brief. Appellant's first question is stated to be upon the third assignment of error, but a reference to the designated assignment shows that the argument is not addressed to that assignment. We now find the argument to be within the scope of the first assignment which we discover may be found on page 558 of the record.
The remainder of the brief is addressed to other matters which are not shown to be *320 within or without an assignment of error, but it appears from the points argued that it may be supported in point of fact by the record and may relate to some of the assignments. We believe that it would be more satisfactory if counsel for appellant would withdraw his brief and file another in conformity with the principles hereinafter stated. Counsel for appellant is allowed 30 days to file a substituted brief and appellee is allowed 30 days after service of a copy thereof in which to file its brief. The case will proceed without further oral argument.

Assignment by Error
Necessity of. After the entry of an appeal, the assignments of error are indispensable at all stages, and the life of the appeal is dependent upon the assignment being true in fact as to some specified judicial act; and also dependent upon the specified judicial act being erroneous in point of law, and harmfully so. Furthermore, the assignment of error must be supported in point of fact by the record on appeal.
Function of. An assignment of error is the ground or point relied on for reversal on appeal. The assignment of error performs the same function in the appellate court as the complaint or declaration in the court of original jurisdiction. Streeter v. State, 89 Fla. 400, 104 So. 858; Red Top Cab & Baggage Co. for Use and Benefit of Fontaine v. Dorner, 159 Fla. 538, 32 So.2d 321; Star Fruit Co. v. Eagle Lake Growers, 160 Fla. 130, 33 So.2d 858. It is an enumeration by the plaintiff in error of the errors alleged to have been committed by the court below for which a reversal of the judgment or decree is sought. Without a complaint in the trial court there will be no trial, and the action will be dismissed; and without an assignment of error the appellate court will not review, and the appeal will be dismissed. If a declaration contains numerous counts the plaintiff in the trial court will be permitted to recover only on the counts established as true in point of fact. If there are numerous assignments of errors, the review in the appellate court will extend only to those assignments sufficiently stated, argued and established as true in point of fact. The function of an assignment of error is to point the specific error claimed to have been committed by the court below, in order that the reviewing court and opposing counsel may see on what point the appellant seeks reversal and to limit argument and review to such point. Streeter v. State, 89 Fla. 400, 104 So. 858.
Form of: An assignment of error need follow no particular form but they should be stated according to the facts and circumstances as they occurred. It is the substance of the assignment that is material and not the form.

Appellant's Brief and Assignment of Errors
The appellant's brief should, insofar as practical, be so prepared that all points presented by the assignment of error can be determined by an examination of the briefs without it being necessary to look to the record for the facts and occurrences which gave rise to the points. 3 Am.Jur. 332-333, Appeal and Error, pars. 770, 772.
The new Rule of this Court in Rule 36(9), 30 F.S.A., has re-stated a well established rule of law of appellate review as follows: "Such assignments of error as are not argued in the briefs will be deemed abandoned * * *." The assignment of errors constitute the basis for reversal and appellant's brief serves the purpose of pointing out specific errors or points within the scope of some specific assignment of error. Except for fundamental errors, an appellate court will not reverse except for some well founded assignment of error that has been argued in the brief, and no point made in the brief will be considered unless it is found to be within the scope of an assignment of error.
When the argument of the brief is not addressed to an assigned error, which *321 has been stated or revised and re-stated according to the facts and circumstances of the cases as they occurred as shown by the record, with appropriate reference to the record, it may lead to a memorandum decision of "affirmed," when otherwise, an explanatory opinion might have been rendered and possibly to the contrary. Our failure to enforce the rule or appellant's failure to comply with the rule may lead to a failure to present for the Court's review errors which may lurk in record, but which remain unrevealed * * *.
When we confine our decisions to mere statements contained in the briefs as points which are in nowise correlated to issues of law as raised by an assignment of errors we are likely to pass on moot propositions. City of Coral Gables v. State ex. rel. Hassenteufel, Fla. 1948, 38 So.2d 467; Lynn v. City of Ft. Lauderdale, Fla. 1955, 81 So.2d 511. Assignments must relate to judicial acts; hence, in the review by appeal we should usually affirm when no assignment of error is stated and argued, or when we fail to find the act assigned and argued to have been prejudicially erroneous. And we should reverse for some specific erroneous judicial act which has been assigned and argued and which we find to have been prejudicial to the party complaining of it.
Appeals come to this court with a presumption that the proceedings below were free of error. When the errors are not assigned, or if assigned, are not argued, then the parties in interest have not been adequately served by the attorneys or by this Court. Such conditions tend to lead to the needless expenditure of time of the Justices in searching for some judicial act giving rise to the argument presented for reversal, when such time might better have been used in giving consideration to the decision of the merits of the matter sought to have reviewed.
It is essential that appellant address the argument of his brief to an assignment of error or a point contained in an assignment of error, and to do so the assignment should be copied into the brief at the place of the argument addressed to it. No point is complete without an assignment of error. If appellant conceives any assignment might have been stated more specifically or with greater clarity, then he may revise and re-state it in his brief. A point stated as being raised by assignment identified by a certain number is insufficient unless the assignment is quoted in the brief. When an assignment of error is stated or re-stated in the brief, appropriate page references to the subject matter of the assignment should be added.
When an assignment relates to the admission or exclusion of evidence, or the giving or refusing to give specific charges to the jury then the assignment in order to be complete should identify the evidence objected to and admitted, or the proffer of evidence refused; or the charge erroneously given or refused. If the assignment is incomplete then the brief should quote the evidence, or a sufficient portion thereof, or the instruction, together with the objections and the rulings of the court with appropriate page references to the record to all such matters. If the assignment is incomplete, it should be revised and restated in the brief so as to make it complete in substance, but in briefing a mere substantial restatement by counsel of the subject matter of an erroneous admission or exclusion of evidence is not sufficient; the appellate court wants to be advised of the error vel non as it actually occurred.
Points. A point made that is not based on, or shown by the brief to be within the scope of some quoted assignment is futile and will be considered as moot; and an assignment of error not argued will be treated as abandoned. When the assignment of error is sufficient within itself to state the point relied on for reversal, a further statement of it is not required. Of course one assignment may give rise to *322 several points, and the assignment itself may be sufficient to state the point. Repetitious statements of the same assignment of error, or the same points, are not essential and are not favored. To state them once in the brief where argued is sufficient as well as essential.
What are Points? For a discussion of "points" in appellate practice see 4 C.J.S., Appeal and Error, § 1324. But for a concise statement of "points" those stated by the Justices of Supreme Courts in their opinions might be taken as a guide  some of which are listed in the footnote.[1]
The petition for rehearing is granted accordingly.
DREW, C.J., and TERRELL and ROBERTS, JJ., concur.
NOTES
[1] Point: "The point for determination is whether or not the trial court committed error in dismissing the cause for failure of plaintiff or his counsel to attend the pre-trial conference." (Terrell, J.) Beasley v. Girten, Fla., 61 So.2d 179, 180.

Point: "The point for determination is whether or not the City of Miami is authorized to issue its general obligation bonds for payment of only a portion of the cost of a sewage disposal system, the balance of said cost to be paid from the proceeds of Sewer Revenue Bonds (Series of 1953)." (Terrell, J.) State v. City of Miami, Fla., 62 So.2d 405, 406.
Point: "The sole point for determination is whether or not the tax liens of the United States are prior in right to the mechanic's lien of the plaintiff." (Terrell, J.) United States v. Griffin-Moore Lumber Co., Fla., 62 So.2d 589.
Point: "Is an owner of property who has accepted labor, services and material for the improvement of his property to be permitted to defeat or impair the enforcement of the statuary lien merely because no `notice' of such items has been filed as allowed by section 84. 15 F.S.A.?" (Barns, J.) Maule Industries Inc., v. Trugman, Fla., 59 So.2d 27, 32.
Point: "Only one question is presented: Has the Assistant State Attorney for the Ninth Judicial Circuit the power and authority to sign an indictment returned by the Grand Jury?" (Mathews, J.) Owens v. State, Fla., 61 So.2d 412, 413.
Point: "A decision in this case must turn upon the answer to a single question: May the wife of a man injured, but not killed, by the negligent act of a third person maintain an action against the tort-feasor for her damages flowing from the loss of the consortium of the husband?" (Taylor, J.) Ripley v. Ewell, Fla., 61 So.2d 420, 421.
Point: "* * * (1) Under 30 F.S.A. Common Law Rule 41 is it necessary that a motion for a new trial in a common law action be actually presented personally to, and filed with, the trial judge, or is the filing of such a motion with the Clerk of the Court sufficient compliance with new Common Law Rule 41? * * *" (Hobson, J.) Mead v. Bentley, Fla., 61 So.2d 428, 429.
Point: "The issue is whether a United States District Court has jurisdiction to award relief to an American corporation against acts of trade-mark infringement and unfair competition consummated in a foreign country by a citizen and resident of the United States." (Clark, J.) Steele v. Bulova Watch Co., 344 U.S. 280, 73 S.Ct. 252, 253, 97 L.Ed. 252.
Point: "The questions here are: (1) whether the Interstate Commerce Commission, in prescribing intrastate freight rates for railroads under § 13(4) of the Interstate Commerce Act [49 U.S.C.A. § 13(4)], may give weight to deficits in passenger revenue; and (2) whether the findings of the Commission which are involved in this proceeding are sufficient to sustain the rates it has prescribed. Our answer to each question is in the affirmative." (Burton, J.) King v. United States, 344 U.S. 254, 73 S.Ct. 259, 260, 97 L.Ed. 301.