96 So.2d 143 (1957)
Jerry VAUGHN, Appellant,
v.
Thomas M. SMITH, and B.A. Barth and R.A. Barth, d/b/a Barth Construction Company, Appellees.
Supreme Court of Florida, Special Division A.
April 10, 1957.
Rehearing Denied July 17, 1957.
Robbins, Cannova & Franza, Hollywood, for appellant.
Blackwell, Walker & Gray, Miami, for appellees.
PER CURIAM.
Appellant filed his amended complaint against Nathan R. Cannon, Thomas M. Smith and B.A. Barth and R.A. Barth, d/b/a Barth Construction Company, to recover damages for personal injuries resulting from his being run over by a truck driven by Cannon in the course of construction work being performed for the Gulfstream Park Race Course, appellant's employer. There is no dispute that Barth Construction Company was the general contractor. The amended complaint alleged that Cannon was an employee of both Thomas M. Smith and Barth.
*144 The trial judge entered a final summary judgment for defendant Thomas M. Smith on October 5, 1955. An appeal from that judgment was subsequently dismissed by this court on June 19, 1956, because of failure to file notice of appeal within 60 days as required by Rule 12, 31 F.S.A.
On January 6, 1956, following a pre-trial conference, the trial judge entered an order in the cause reading in part as follows:
"Nathan R. Cannon was an independent trucker hauling rock for the use of Barth Construction Company in the construction of said paving. The court has determined in this cause that Nathan R. Cannon was an independent contractor and that Barth Construction Company is only liable for its own negligence or breach of duty to the plaintiff and is not liable for the negligence, if any, of Nathan R. Cannon. The court will so instruct the jury upon request at the time of trial."
The case then proceeded to jury trial on two issues as pronounced by the pre-trial order. First, whether the negligence of Nathan R. Cannon, an independent contractor, was the proximate cause of appellant's injury. Second, whether Barth Construction Company assumed such control over Cannon, an independent contractor, when delivering rock to the job site so as to make it [Barth Construction] liable for its own negligence to Cannon.
The trial judge, in keeping with his order at pre-trial conference, instructed the jury that Cannon was an independent contractor, that Barth Construction Company was liable only for the negligence of Cannon while operating the truck under the direction and control of Barth Construction Company or its employee, and that both Cannon and Barth Construction Company would be jointly liable if the injury resulted from both the negligence of Barth Construction Company in directing the truck, and from the negligent operation by Cannon while under such direction.
The jury returned a verdict in favor of appellee Barth Construction Company and against Nathan R. Cannon in the sum of $45,000. Appellant's motion for a new trial as to appellee Barth Construction Company was denied. Final judgments for appellee Barth and against Cannon were duly entered. Cannon did not appeal. Vaughn appealed from the judgment for Barth Construction Company entered February 11, 1956, and from the final summary judgment for Smith entered October 5, 1955, the latter appeal being dismissed as heretofore stated.
The first point for consideration is whether or not appellant preserved his right to attack the ruling of the trial judge that Nathan R. Cannon was an independent contractor as a matter of law. Appellee contends that appellant not only acquiesced in such ruling but made no contention that it was error in his motion for new trial. Appellant concedes that the question of whether Cannon was an independent contractor was not an issue at trial, but contends that error as to the determination of this by pre-trial order was preserved by assignments of error Nos. 1 and 2.
Assignment No. 1 charged error in the entry of summary final decree in favor of Smith. The appeal as to this judgment was seasonably dismissed and cannot be considered.
Assignment No. 2 is:
"The Court erred in deciding as a matter of law that the Defendants, B.A. Barth and R.A. Barth, d/b/a Barth Construction Company were independent contractors."
No mention of the trial judge's ruling concerning Nathan R. Cannon is present in the above assignment. This Court cannot speculate as to what appellant intended to assign as error. We must take the record as we find it.
*145 A trial judge can be reversed only for errors presented by the assignments. Red Top Cab & Baggage Co. v. Dorner, 159 Fla. 538, 32 So.2d 321. The very nature of the pleading in court of review requires a proper assignment of error. St. Andrews Bay Lumber Co. v. Bernard, 106 Fla. 235, 143 So. 160. The function of an assignment of error is to point out the specific error claimed to have been committed by the court below in order that the reviewing court and opposing counsel may see on what point the appellant seeks reversal, and to limit argument and review to such point. A point made that is not based on or shown by the brief to be within the scope of some quoted assignment is futile and will be considered as moot. See Redditt v. State, Fla. 1955, 84 So.2d 317.
Under the most liberal construction of the assignments of error, we are not able to see where error was assigned as to the court's ruling that Cannon was an independent contractor.
The trial judge, acting under Rules of Civil Procedure 1.16, 30 F.S.A., entered pre-trial order holding that Cannon was an independent contractor and that the jury would be so instructed at the trial. This rule serves to expedite litigation by simplifying the issues to be tried. The rule specifically provides that a pre-trial order shall control the subsequent course of the action unless modified at the trial to prevent manifest injustice.
Nowhere in the record do we find any motion on the part of appellant to modify the pre-trial order which was entered over three weeks before the trial.
The other questions presented have been considered and are found to be without merit.
Therefore the judgment must be, and is, hereby affirmed.
Affirmed.
TERRELL, C.J., and HOBSON, ROBERTS and THORNAL, JJ., concur.