HORTON, Chief Judge.
Plaintiff below appeals from a final judgment rendered upon a directed verdict granted by the trial court at the conclusion of the plaintiff’s evidence. The plaintiff, a real estate broker, brought an action against the appellees Thompson and wife, owners of a leasehold interest in a motel, and appellee Kupfer, the purchaser of said leasehold interest. The complaint sought to require payment into the registry of the court of five per cent of the purchase price of the motel, for an accounting and discovery. The basis of the relief sought was that the appellant had received a listing from the appellee Thompson to sell a leasehold interest in a motel for the sum of $375,000; that this price was later reduced to $310,000 and subsequently to $290,000. The appellee Kupfer had refused to purchase at the reduced price of $290,000, and later negotiated with Thompson, ultimately purchasing Thompson’s interest at the reduced price of $240,000;' that by virtue thereof, the appellant was entitled to a five per cent real estate commission on the sale of the leasehold. It was further charged that Thompson, the seller,, had refused to recognize the appellant as the procuring broker and it was feared that Thompson would secrete the funds from the sale and thereby render the appellant unable to satisfy any judgment for broker’s commission that he might obtain.
The cause was transferred to the' law side and after answer of the respective appellees to the complaint as amended, the cause went to trial before the jury. At the conclusion of the appellant’s case, and upon motion of the respective appellees, the court directed a verdict in favor of the appellees and entered a judgment thereon from which this appeal was taken.
The appellant’s principal contention is that the court erred in directing a verdict for the reason that the appellant’s evidence made a prima facie case, entitling him to the recovery of a broker’s commission.
On an appeal from a judgment rendered consequent upon the direction of a verdict, the evidence is required to be viewed in a light most favorable to the appellant. The question then becomes one of whether there was any evidence uponi which a jury could have lawfully found' a verdict for the appellant. See Red Top Cab & Baggage Co. v. Dorner, 159 Fla. 538, 32 So.2d 321; Propper v. Kesner, Fla.1958, 104 So.2d 1; Schutzer v. City of Miami, Fla.App. 1958, 105 So.2d 492. We have carefully reviewed the testimony offered on behalf of the appellant, bearing in mind the applicable rule, and conclude,. *746 'as did the eminent trial judge, that the evidence was legally insufficient to support any lawful verdict for the appellant.
Concluding as we have that the trial judge was correct in directing a verdict for appellees, the judgment appealed should be and is hereby affirmed.
Affirmed.
PEARSON and CARROLL, CHAS., JJ., concur.