HORTON, Chief Judge.
This cause was an action by appellants Ruth Geller and Morton Geller, husband and wife, to recover damages for personal injuries sustained by the appellant Ruth Geller while a guest at appellee’s hotel. In the first trial, the court directed a verdict for the appellee at the close of appellants’ case. However, upon appellants’ motion, the court granted a new trial. The order granting new trial was reviewed by this court and affirmed.[1]
Upon new trial, the court reserved ruling upon the appellee’s motion for a directed verdict made at the conclusion of the appellants’ evidence (which was substantially the same as that presented in the first trial) and allowed the case to go to the jury. The jury returned verdicts for the appellants. The trial court, after rendition of the jury’s verdicts, then directed the jury to find a verdict of not guilty in favor of the appellee and, based upon the court’s direction of a verdict, judgment was entered for the appellee. It is this judgment which we now review.
Appellants contend first, that the affirmance by this court on the prior appeal of the order granting a new trial established, as the law of the case, the existence of a jury question on liability; and second, that the evidence considered in a light most favorable to the appellants was sufficient to go to the jury.
In every case in which the trial judge grants a motion for new trial, he must indicate in the order the particular ground or grounds upon which the motion is granted. Rule 2.6(d), Florida Rules of Civil Procedure, 31 F.S.A. See Means v. Douglas, Fla.App.1959, 110 So.2d 88. An appeal from an order granting a new trial limits the review by the appellate court to the grounds so specified by the trial judge in his order. See Garrison v. Florida Power & Light Co., Fla.1953, 65 So.2d 2; Leonetti v. Boone, Fla.1954, 74 So.2d 551; Braddock v. Seaboard Air Line R. Co., Fla. 1955, 80 So.2d 662. It is fundamental that a motion for directed verdict should never be granted unless it appears, as a matter of law, that a recovery cannot be had upon any view of the facts which the evidence reasonably tends to establish. Red Top Cab & Baggage Co., for Use and Benefit of Fontaine v. Dorner, 159 Fla. 538, 32 So. 2d 321.
Where the trial court grants a new trial on the grounds that he had erred in directing a verdict, and incorporates in the' order his reason for such ruling, it is the ruling itself with which the appellate court is called upon to deal, not with the reasons assigned for the ruling. Cf. 2 Fla.Jur., Appeals, § 298.
Having concluded in the first appeal that the trial court was correct in granting a new trial, it was implicit in this decision that the evidence was sufficient to take the issue of liability to the jury. Therefore, this issue is laid at rest, and is conclusive in a second trial where the evidence is substantially the same as that offered at the first trial. Sax Enterprises, Inc. v. David & Dash, Inc., Fla.1958, 107 So.2d 612; Walker v. Atlantic Coastline R. Co., Fla.App.1960, 121 So.2d 713.
Accordingly, the judgment appealed is reversed, and the cause remanded with directions to reinstate the jury’s verdicts and enter judgment thereon for appellants.
Reversed and remanded with directions.
CARROLL, CHAS., J., and LOPEZ, AQUILINO, Jr., Associate Judge, concur.

. 2500 Collins Corp. v. Geller, Ma.App. 1958, 104 So.2d 424.