WHITE, Acting Chief Judge.
Plaintiffs, constituting a partnership, appeal a final judgment for the defendant in an action for damages for breach of contract. The plaintiff alleged employment by the defendant pursuant to an oral contract to do engineering and soil mechanics work in defendant’s subdivision consisting of 484 lots.
The case of the plaintiff partnership was premised on the proposition that the contract contemplated that plaintiff was to service all the lots in their entirety and was to receive $35.00 per lot, which sum was to be paid as work on each lot was completed. Following plaintiff’s completion of work on 59 lots, the defendant terminated the contract, paid off the plaintiff and employed another engineer. The defendant denied that the contract necessarily embraced all of the lots, asserting that under the arrangement the plaintiff *895 was to receive $35.00 for each lot actually serviced and that this arrangement was terminable at will by either party.
The pretrial order states in pertinent part:
“This is an action for breach of contract. Plaintiff is an engineering firm and defendant is the developer of a sub-division in Margate, Florida. Plaintiff contends that defendant by oral contract employed plaintiff to do the engineering and soil mechanics work in Additions Nos. 4, 5, 6 and 7 of Ibec Housing Development, Margate, Florida, a subdivision being developed by the defendant, containing 484 lots, and that plaintiff was to receive as compensation therefor a fee of $35.00 per lot to be paid as work on each lot was completed. After plaintiff completed and was paid for 59 lots, defendant terminated plaintiff’s services and employed another engineer. Defendant contends that there was no contract between the parties for engineering services on all of the lots in the four additions, but contends that there was an arrangement between plaintiff and defendant whereby plaintiff was employed to perform the soil mechanics and engineering services on defendant’s lots at a rate of $35.00 per lot, which arrangement was terminable at will by , either party. The issue to he determined at the trial is whether plaintiff had a contract to furnish the services for all of the lots in the four mentioned additions, consisting of 484 lots or whether plaintiff was employed on an individual lot basis without any firm agreement as to the number of lots on which the services were to be performed. If plaintiff’s contention as to the contract prevails, the measure of damages will be the full contract price for the 484 lots less the amount paid, less any savings effected by plaintiff by reason of its services being terminated after completing 59 lots as compared to what its costs would have been had the 484 lots been completed. Should it be found that defendant’s version of the contract is correct, plaintiff would not be entitled to recover. There is no contention that defendant terminated the contract because of any unsatisfactory services by plaintiff, defendant’s position being that it had the right to terminate plaintiff’s services at will.” (emphasis supplied)
Thus, according to the pretrial order, $35.00 was the agreed rate of compensation per lot. The record discloses no objection to the pretrial order nor any attempt to modify it either before or during trial. At the trial, however, the plaintiff proffered testimony as to the reasonable value of work performed and materials furnished, which testimony plaintiffs contended was admissible under a common count incorporated in the complaint. We are of the opinion that the trial court properly excluded such testimony as being beyond the scope of the issue comprehended by the pretrial order, such issue being not the value of services furnished but whether plaintiff “had a contract to furnish the services for all of the lots in the * * * additions consisting of 484 lots or whether plaintiff was employed on an individual lot basis without any firm agreement as to the number of lots on which the services were to be performed.” See Rule 1.16, Florida Rules of Civil Procedure, 30 F.S.A. Vaughn v. Smith, Fla.1957, 96 So.2d 143, 145.
In the latter case the Supreme Court stated:
“The trial judge, acting under Rules of Civil Procedure 1.16, 30 F.S.A., entered pretrial order holding that Cannon- was an independent contractor and that the jury would be so instructéd at ■the trial.- This rule serves to expedite litigation by simplifying the issues to be tried. The rule specifically provides *896 that a pre-trial order shall control the subsequent course of the action unless modified at the trial to prevent manifest injustice.
“Nowhere in the record do we find any motion on the part of appellant to modify the pre-trial order which was entered over three weeks before the trial.”
Similarly the instant record, as previously noted, reflects no motion to modify the •pretrial order entered over two months prior to trial.
Implicit in the jury verdict were findings (1) that the plaintiff had been •compensated for the lots actually serviced; and (2) that there was no breach of contract and consequently no damages.
Affirmed.
ANDREWS, J., and McCORD, GUYTE ’P., Jr., Associate Judge, concur.